463 S.E.2d 330

**James Lloyd JENKINS**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0371–94–2.**

Court of Appeals of Virginia,
Richmond.

Oct. 31, 1995.

Elder, J., filed an opinion concurring in part and dissenting in part.

Michael Morchower (Lee W. Kilduff; Morchower, Luxton & Whaley, on brief), Richmond, for appellant.

Eugene Murphy, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: MOON, C.J., and BENTON and ELDER, JJ.

BENTON, Judge.

James Lloyd Jenkins was convicted in a jury trial of aggravated sexual battery. Code § 18.2–67.3. On appeal, he contends (1) that his constitutional right to a fair and impartial trial was violated because of juror misconduct; (2) that the trial judge erred in allowing expert testimony on an ultimate fact at issue in the case; (3) that the trial judge erred in allowing the expert witness to testify to hearsay statements of the child; and (4) that the evidence was insufficient to prove his conviction. We hold that the trial judge erred in allowing the expert to testify as to an ultimate issue of fact and in allowing the expert to testify to certain hearsay statements. Accordingly, we reverse the conviction and remand the case to the circuit court.

## I.

The evidence proved that the victim, a male child born in 1990, was cared for by his grandparents during the weekdays while his parents worked. Jenkins, the child's uncle, often visited the child's grandparents, who were Jenkins' parents, when the child was present. The indictment charged that Jenkins committed aggravated sexual battery on the child during the period September 1992 through March 1993.

In the Commonwealth's case-in-chief, a licensed clinical psychologist testified that he conducted ten sessions with the child, beginning March 31, 1993. Over defense counsel's

objection, the trial judge allowed the psychologist to repeat statements made by the child and to testify that the child was sexually abused. The psychologist testified that during one of the sessions, the child said he had been "sexed" and that the child "gyrated his pelvic area in ... a forward-thrusting motion." The psychologist testified that when he asked the child where he had been "sexed," the child pointed toward his own groin. He testified that on another occasion the child used two anatomically correct male dolls to demonstrate a sexual act.

The psychologist also testified that the child suffers from "an adjustment disorder with mixed ... features of emotion and conduct." The psychologist explained that an adjustment disorder is a persistent or unusual reaction to some identifiable stress. He opined that the identifiable stress the child had experienced was sexual abuse.

The jury convicted Jenkins of the offense charged in the indictment. Code § 18.2–67.3(A)(1) provides that "[a]n accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and ... [t]he complaining witness is less than thirteen years of age."

## II.

Jenkins argues that the trial judge erred in allowing the expert to testify that the child had been sexually abused. Jenkins contends that the issue whether the child had been sexually abused was the ultimate fact in issue. The Commonwealth contends that the trial judge did not err because the ultimate issue in the case was whether Jenkins himself sexually abused the child.

In *Cartera v. Commonwealth*, 219 Va. 516, 248 S.E.2d 784 (1978), the Supreme Court stated the following well established principles:

In any proper case, an expert witness may be permitted to express his opinion upon matters not within common knowledge or experience. Opinion testimony, however, is not admissible "upon the precise or ultimate fact in issue."

*Id.* at 519, 248 S.E.2d at 786 (quoting *Webb v. Commonwealth,* 204 Va. 24, 33, 129 S.E.2d 22, 29 (1963)). Although a physician was permitted to testify in *Cartera* that the victims told him they had been raped, that testimony was permitted only because of "a rule unique to rape cases," 219 Va. at 518, 248 S.E.2d at 786, that allowed such hearsay "as corroboration of the victim's testimony." *Id.* The physician was barred, however, from expressing his own opinion concerning rape. The Court reasoned as follows:

> Thus, while it was proper to permit ... [the physician] to testify to the victims' complaints that they had been raped and to state his observations of the girls' physical and emotional conditions, it was improper to permit him to recite the details of the offenses and the description of the assailant, as reported to him by the victims. It was proper also to permit the doctor to state what examinations and tests he performed upon the victims and what medical conclusions he reached as a result. But it was improper to permit the doctor to express his opinion that the girls had been raped. *Whether rape had occurred was the precise and ultimate issue in the case.*

*Id.* at 519, 248 S.E.2d at 786 (emphasis added).

■ The holding in *Cartera* is consistent with the holding in other cases barring testimony regarding an ultimate issue of fact. *See Llamera v. Commonwealth,* 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992)(whether quantity of cocaine would suggest an intent to distribute was an ultimate issue of fact); *Bond v. Commonwealth,* 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984)(whether death was suicide, accident, or homicide was an ultimate issue of fact); *Webb v. Commonwealth,* 204 Va. 24, 32–33, 129 S.E.2d 22, 29 (1963)(whether effect of two deposit slips was to replace converted funds was an ultimate issue of fact); *Ramsey v. Commonwealth,* 200 Va. 245, 250–51, 105 S.E.2d 155, 159 (1958)(whether a fire was incendiary or accidental was an ultimate issue of fact); *Strawderman v. Commonwealth,* 200 Va. 855, 859, 108 S.E.2d 376, 380 (1959)(whether injury to child was caused by a penis or other circumstance is an issue of ultimate fact). Consistent with

these cases, we hold that the psychologist's testimony in this case, that the child was sexually abused, expressed an opinion on an ultimate fact in issue. The expert stated an opinion that the charged offense occurred. Thus, his testimony improperly "invaded the province of the jury." *Cartera,* 219 Va. at 519, 248 S.E.2d at 786.

The Commonwealth argues that *Price v. Commonwealth,* 18 Va.App. 760, 446 S.E.2d 642 (1994), requires a contrary result. We disagree. *Price* was indicted and tried for first degree murder; he was convicted of second degree murder. *Id.* at 763, 446 S.E.2d at 644. At the trial, a physician testified from his review of medical records that the child, who died from a blow in July 1991, exhibited symptoms of battered child syndrome "in the spring of 1991." *Id.* The physician did not testify that the child was unlawfully killed, did not express an opinion concerning the defendant's state of mind, and did not identify the child's killer.

■ The elements of an offense and the identity of the criminal agent are ultimate facts at issue in a criminal prosecution. *Nicholas v. Commonwealth,* 91 Va. 741, 750, 21 S.E. 364, 366 (1895). The issue on appeal in *Price* was whether in a murder prosecution "the trial court abused its discretion in admitting Dr. Scott's testimony that the infant was a victim of battered child syndrome." 18 Va.App. at 763, 446 S.E.2d at 644. The physician's testimony did not reveal his opinion regarding an ultimate fact. Moreover, to the extent language in *Price* may be read to conflict with the holding in *Cartera,* the resolution of that conflict is manifest—*Cartera,* the Supreme Court's decision, controls.

Accordingly, we hold that the trial judge improperly admitted the expert's testimony concerning an ultimate issue of fact. Because that testimony invaded the province of the jury and was not harmless, the ruling was reversible error.

### III.

Jenkins also argues that the trial judge erred in allowing the psychologist to testify that the child said he had been

"sexed." The trial judge admitted this statement as the child's response to treatment and tests which the psychologist performed preparatory to forming his opinion. Jenkins contends that there is no exception to the hearsay rule which would render this statement admissible. Because this issue will likely resurface on remand, we address it.

Over the objection of Jenkins' counsel, the trial judge stated that the "psychologist is entitled to testify as to his observation of the child, that he is entitled to testify as to any test that he administered to the child and what those tests resulted in, or what the child did as a result of . . . the test. And based on that, [if] he has an opinion[,] . . . he can give it." The psychologist then testified that as a result of interviews, tests, and observations he concluded that the child "suffers from an adjustment disorder with mixed . . . features of emotion and conduct." The psychologist also related the following statements and conduct of the child that occurred during the interviews:

[O]n one occasion, [the child] indicated to me that he had been sexed. That was his word. I asked him what sexed means. At that point [the child] stood up out of the chair he was sitting on and gyrated his pelvic area in sort of a forward-thrusting motion. I asked him where he was sexed and he, with this finger, pointed down towards his groin area. On another occasion, [the child] had made some statements about being sexed.

In *Cartera*, the Supreme Court of Virginia "acknowledge[d] the exception to the hearsay rule" that renders admissible statements made to physicians "concerning [a patient's] 'past pain, suffering and subjective symptoms' to show 'the basis of the physician's opinion as to the nature of the injuries or illness.'" 219 Va. at 518, 248 S.E.2d at 786. *See also Mackall v. Commonwealth,* 236 Va. 240, 372 S.E.2d 759 (1988), *cert. denied,* 492 U.S. 925, 109 S.Ct. 3261, 106 L.Ed.2d 607 (1989). The Court in *Cartera* declined, however, to apply the exception to statements "concerning the circumstances of the offenses and the description of the assailant" made by the rape victims. 219 Va. at 518, 248 S.E.2d at 785. The Court

declined to do so because "[t]his testimony goes beyond a recital of 'past pain, suffering and subjective symptoms.'" *Id.* at 518, 248 S.E.2d at 786.

■ The testimony that the trial judge admitted in this case is analogous to the testimony the Supreme Court barred in *Cartera.* The psychologist's testimony that the child told him he had been "sexed" concerns the circumstances of the particular offense. As in *Cartera,* the statement was a description of events related to the encounter and was not a statement of symptoms. Thus, we hold that the trial judge erred in admitting, for the reason stated by the trial judge, the child's statements made to the psychologist that he had been "sexed." Whether other exceptions to the hearsay rule may apply, we do not address because they were not briefed and argued.

For these reasons, we reverse the conviction and remand this case for a new trial if the Commonwealth is so advised.

*Reversed and remanded.*

ELDER, Judge, concurring in part and dissenting in part.

I respectfully concur in part and dissent in part from the majority's opinion. I believe that portions of the psychologist's testimony were properly admitted because they fell under an exception to the hearsay rule and did not violate *Cartera.*[1]

---

**1.** Although *Cartera* labels such testimony as an *exception* to the hearsay rule, it appears that a doctor's testimony about a patient's statement might be categorized as *non-hearsay,* necessitating no exception for the statement's introduction into evidence.

For example, if a doctor diagnoses a patient as suffering from a herniated disc and testifies that the patient described having back pain, this testimony might be offered not for the truth of the matter (i.e., whether back pain actually existed), but rather for the fact that back pain was reported to the doctor and formed the basis of the doctor's diagnosis.

As Charles E. Friend wrote:

This "not-for-truth" exception is a difficult rule to apply in the context of real cases. It has always caused controversy, and presumably will always do so, because it is often arguable whether the declaration is being offered to prove the truth of the content of the

As the majority recognizes, *Cartera* provides an exception to the hearsay rule permitting "a physician to testify to a patient's statements concerning his 'past pain, suffering, and subjective symptoms' to show 'the basis of the physician's opinion as to the nature of the injuries or illness.'" *Cartera*, 219 Va. at 518, 248 S.E.2d at 785–86. A physician may also testify as to his or her observations of a patient's physical and emotional conditions and may "state what examinations and tests he performed upon the victims and what medical conclusions he reached as a result." *Id.* at 519, 248 S.E.2d at 786. A physician may not, however, "recite the details of the offenses and the description of the assailant, as reported to him [or her] by the victim[ ]." *Id.*

In this case, the following exchange occurred between the Commonwealth's Attorney and the psychologist:

Q:    ... After these sessions, Sir, or some time during these sessions, were you able to form an opinion to a reasonable degree of certainty in your expertise as to whether [the child] was suffering from any psychological disorder?

A:    Yes, Ma'am.

Q:    And what opinion is that, Sir?

A:    That [the child] suffers from an adjustment disorder with mixed emotional—mixed—features of emotion and conduct.

---

declaration or not, and lawyers and judges may quite reasonably reach different conclusions on this question in any given case. . . .

Part of the difficulty in "not-for-truth" situations is due to the fact that often such evidence will have a dual nature; the declaration may indeed be relevant on some matter unrelated to the truth of the content of the statement, and yet the content of the statement may go to the issues of the case as well. *See, e.g., Donahue v. Commonwealth,* [225 Va. 145, 300 S.E.2d 768 (1983) ]. This is perhaps the situation which creates the greatest dilemma for the courts. In that regard, however, it should be remembered that it is a time-honored principle of evidence law that, in general, if evidence is admissible for *any* purpose, it is admissible.

Charles E. Friend, *The Law of Evidence in Virginia* § 18–3 at 95–96 (4th ed.1993)(footnote omitted); *see Hanson v. Commonwealth,* 14 Va.App. 173, 416 S.E.2d 14 (1992).

Q: Do you have an opinion to a reasonable degree of certainty, in your expertise, what adjustment disorder—why he had suffered from this adjustment disorder, Sir?

A: An adjustment disorder is a persistent or unusual reaction to some identifiable stress.[2]

Q: And in this case, what—what opinion do you have as to that identifiable stress?

A: That he had been sexually abused.

Preceding this exchange, the psychologist described the tests he had used to form his opinion, including interviews with and observations of the child. The psychologist testified that on one occasion, the child indicated to him that the child "had been sexed" and made corresponding body movements to describe what being "sexed" meant.

In this case, I believe the trial court followed *Cartera*'s guidelines in allowing the psychologist's testimony regarding the child's report that he had been "sexed." The child's statement conveyed information that clearly formed the basis for the psychologist's diagnosis of the child's adjustment disorder and was therefore not introduced in violation of the hearsay rule.

However, I agree with the majority that the doctor's statement that, in his opinion, the child had been sexually abused was inadmissible under *Cartera*. The psychologist opined not as to what *could* have been the causative stressor, but rather what *was* the causative stressor, which, in this case, was the ultimate issue. As the majority correctly asserts, *Cartera* stands for the proposition that opinion testimony is not admissible on an ultimate fact in issue. *Cartera*, 219 Va. at 519, 248 S.E.2d at 786 (stating that "[w]hether rape had occurred was the precise and ultimate issue in the case"). I also agree with

---

2. According to *DSM–III–R (Diagnostic & Statistical Manual of Mental Disorders* 329–30 (3d. ed. rev.1987), one of the diagnostic criteria for "adjustment disorder" is a "reaction to an identifiable psychological *stressor* (or multiple stressors)."

the majority's analysis of *Price v. Commonwealth,* 18 Va.App. 760, 446 S.E.2d 642 (1994). In this case, the psychologist testified specifically as to whether the child was sexually abused, a precise element of the charge, which amounted to ultimate issue testimony and invaded the jury's province as the fact finder.

For these reasons, I concur and dissent in the majority's opinion.