Present: Carrico, C.J., Compton, Stephenson[1], Lacy, Hassell and Keenan, JJ., and Poff, Senior Justice

JAMES LLOYD JENKINS

v.  Record No. 961459

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE RICHARD H. POFF
September 12, 1997

FROM THE COURT OF APPEALS OF VIRGINIA

We awarded this appeal to consider whether the trial court's admission of certain expert testimony introduced by the Commonwealth constituted reversible error.

A jury assembled in the Circuit Court of the County of Henrico found that "[d]uring the period September, 1992 through March, 1993 . . . James Lloyd Jenkins did . . . commit aggravated sexual battery on . . . a male minor child under the age of thirteen years old . . . [in violation of] Virginia Code Section 18.2-67.3".[2]  In a final judgment entered February 22, 1994, the trial judge confirmed the verdict and imposed the twenty-year sentence fixed by the jury.

On appeal to a panel of the Court of Appeals of Virginia, Jenkins contended, inter alia, that "the trial judge erred in

[1]Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

[2]In relevant part, Code § 18.2-67.3 provides as follows:
    A.  An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and
    1.  The complaining witness is less than thirteen years of age . . .
    . . . .
    B. Aggravated sexual battery is a felony punishable by confinement in a state correctional facility for a term of not less than one nor more than twenty years . . . .

allowing expert testimony on an ultimate fact at issue . . . [and] in allowing the expert witness to testify to hearsay statements of the child".  Jenkins v. Commonwealth, 21 Va.App. 222, 223, 463 S.E.2d 330, 330-31 (1995).  With regard to the first contention, the panel held that "[b]ecause that testimony invaded the province of the jury and was not harmless, the ruling was reversible error."  Id. at 226, 463 S.E.2d at 332.  Upholding Jenkins' argument concerning the child's hearsay statements, the panel reversed the conviction on both grounds.

Upon a rehearing en banc, the Court of Appeals expressly agreed that "the trial court erred in allowing the expert to testify that the child had been sexually abused"; the court ruled, however, that "such error was harmless in light of the other evidence adduced at trial."  Jenkins v. Commonwealth, 22 Va.App. 508, 517, 471 S.E.2d 785, 789 (1996).  Finding no merit in Jenkins' argument on the hearsay issue, the Court affirmed the conviction.  We awarded Jenkins an appeal to consider the hearsay issue and whether the Court of Appeals erred in finding that the admission of expert testimony on an ultimate issue of fact was harmless.

Expert opinion on an ultimate fact in issue is inadmissible in a criminal case because it "invade[s] the province of the jury."  Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992).[3]  Such an invasion implicates the due process

_____

[3]Cf. Code § 8.01-401.3(B) (rule applicable in civil cases).

and fair trial guarantees of the Constitution of the United States. "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt[4]." Chapman v. California, 386 U.S. 18, 24 (1967); see Mu'Min v. Commonwealth, 239 Va. 433, 441-42, 389 S.E.2d 886, 892 (1990), aff'd 500 U.S. 415 (1991); Dunn v. Commonwealth, 222 Va. 750, 753, 284 S.E.2d 807, 808-09 (1981). We will apply that standard of review.

The victim identified in the indictment was a male child born February 26, 1990. In September 1992, his mother began observing radical changes in his behavior indicating precocious sexual awareness. In March 1993, she took her son to see a licensed clinical psychologist. The psychologist conducted ten interviews with the child. He testified in detail to several statements couched in sexual language made by the child and to certain physical demonstrations the child performed with his own body and with male dolls illustrating sexual conduct between a male adult and a male child. Asked if he had formed "an opinion . . . whether [the child] was suffering from any psychological disorder", he said that he "suffers from an adjustment disorder", and that "[a]n adjustment disorder is a persistent or unusual reaction to some identifiable stress." Asked further to identify

---

[4]Compare the standard for collateral review of constitutional error, that is, "whether the error had 'substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

the stressor underlying the disorder, the expert opined that the child "had been sexually abused."

Explaining its finding that admission of this testimony was not prejudicial, the Court of Appeals said that "[w]hen an element of the crime is fully established by other competent evidence, an error in improperly admitting evidence with respect to that point is harmless."  Jenkins, 22 Va.App. at 518, 471 S.E.2d at 790.  The "other competent evidence" the Court considered "[m]ost probative" was "appellant's admission that he participated in one sexual episode with the child."  Id.

The Court had reference to a statement written and signed by the defendant in the presence of a police investigator.  That statement was read into evidence as follows:

> I was sitting in the recliner and Michael was sitting in my lap, as we watched TV.  I began to fantasize how Michael would look and act as he got older.  He was leaning against my chest and sitting on my lap.  I reached down and picked him up, holding him between his legs and laid him beside me in the chair, because my thoughts for him were sexy, as he was laying on top of me.  He laid down beside me and looked up and said I love you, Bubba.  All this took place at my mom's house and within a short period of time.  When I reached down, I placed my hand on his penis and held it there for about a minute before I moved him over to the side, because I was having sexual fantasies as to how he would be as he got older and mature.  I was thinking how it would be to have oral sex with him, as he would tell me, 'I love you.'  This was the only time that I touched Michael's penis, or any other part of him in a sexual way.  We were both fully clothed at the time.

Code § 18.2-67.3 provides that "[a]n accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness . . . ."  The term "sexual abuse" is defined

-4-

in § 18.2-67.10(6)(a) as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts . . . ." That definition was recited in an instruction to the jury.

Clearly, the defendant's handwritten statement satisfies that definition. It was fully sufficient, without benefit of the expert's opinion, to support a jury finding that the accused was guilty of one act of aggravated sexual battery. Had the expert based his opinion that the child's adjustment disorder had been caused by the stress of "one sexual episode", the error in admitting that opinion into evidence would have been harmless as merely cumulative. But the expert's opinion was not based upon a single act of sexual abuse. Rather, it appears from his testimony that his opinion was based upon what his ten interviews with the child disclosed about his premature sexual cognizance and upon what he learned from separate interviews with the child's mother about the myriad sexually-oriented behavioral changes the child had undergone over a period of several months.

Notwithstanding the defendant's confession to one sexual episode and the lack of any other evidence identifying the accused as the criminal agent in any other episode with the child, the jury could have been persuaded by the testimony of one witness, a witness qualified by the trial judge as an expert in the diagnosis and treatment of child abuse victims, to believe

-5-

that the accused had committed not one but multiple acts of sexual abuse and that his criminal conduct was more aggravated than he was willing to confess.

While the error in admitting the expert's opinion may have been harmless for purposes of conviction, we think it was prejudicial for purposes of fixing the quantum of punishment imposed. In closing argument, the Commonwealth relied upon Jenkins' written confession but urged the jury "not to believe the part that it only [happened] once" and "to give him the [statutory] maximum, which is twenty years in the penitentiary."

Applying the standard of review defined in Chapman, we cannot agree that the trial court's error in admitting the expert's opinion testimony was harmless beyond a reasonable doubt, and we will reverse the judgment of the Court of Appeals on that question. Because the hearsay issue may arise in a new trial, we will consider the Court of Appeals' ruling reversing the panel's decision that the trial court erred in allowing the expert witness to testify to statements made to him by the child.

Overruling the defendant's hearsay objection, the trial court permitted the expert to testify that the child had told him that he had been "sexed". He had illustrated his understanding of that term by "gyrat[ing] his pelvic area in sort of a forward-thrusting motion" and had "pointed down towards his groin area" when asked where he was sexed. In a divided opinion, the Court of Appeals affirmed the trial court's ruling on the hearsay

-6-

question.  We agree with the dissent subscribed by four members of that Court.

The Court majority concluded that "because the child's statement . . . was not offered for its truth, the statement did not qualify as hearsay."  Jenkins, 22 Va.App. at 519, 471 S.E.2d at 790.

We have defined hearsay evidence as "testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."  Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977) (quoting E. Cleary, McCormick's Handbook on the Law of Evidence § 246, at 584 (2d ed. 1972)); accord State Farm Fire and Casualty Co. v. Scott, 236 Va. 116, 122, 372 S.E.2d 383, 386 (1988); Donahue v. Commonwealth, 225 Va. 145, 151-52, 300 S.E.2d 768, 771 (1983).  The child's statement that he had been "sexed" was uniquely probative of the truth of the pending charge.  That statement falls within the definition of hearsay.

Next, the majority of the Court of Appeals held that "[e]ven if the child's statement constituted hearsay", it was admissible "if it fell within one of the many established hearsay exceptions."  Jenkins, 22 Va.App. at 521, 471 S.E.2d at 791.  The Court quoted the comment in Cartera v. Commonwealth, 219 Va. 516, 518, 248 S.E.2d 784, 785-86 (1978) relating to the hearsay

-7-

exception that permits "a physician to testify to a patient's statements concerning his 'past pain, suffering and subjective symptoms' to show 'the basis of the physician's opinion as to the nature of the injuries or illness.'" Here, as in Cartera, the child's statement to the psychologist went "beyond a recital of 'past pain, suffering and subjective symptoms'". Id. That statement was evidence of the very criminal act that was an essential element of the offense charged against the defendant. We hold that the statement was hearsay, it was not subject to this exception, and the trial court erred in admitting it before the jury.

The Commonwealth contends that we should apply the hearsay exception extended in some jurisdictions to statements made by a patient to a treating physician. As the Commonwealth recognized on brief, "many of these out-of-state cases are partially based on their state's adoption of rules equivalent to Federal Rule of Evidence 803(4)".

Neither this Court nor the General Assembly has adopted any such rule. The rationale for such an exception is that a patient making a statement to a treating physician recognizes that providing accurate information to the physician is essential to receiving appropriate treatment. See 2 John W. Strong, McCormick on Evidence § 277, at 246-47 (4th ed. 1992). Because the patient in this case was a two-year old child who could not appreciate the need for furnishing reliable information, we decline to apply

the exception here.

Urging yet another exception to the hearsay rule, the Commonwealth argues on brief that the child's statement was admissible as a "recent-complaint" under Code § 19.2-268.2. That statute provides that "in any prosecution for criminal sexual assault . . . the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness."

That statute is inapplicable here. As we have said, the child's statement that he had been sexed was uniquely probative of the charge of sexual abuse; as such, it was "independent evidence of the offense". Moreover, that statement was not made "for the purpose of corroborating the testimony of the complaining witness"; the child never testified in court.[5]

To correct the errors committed by the trial court, we will reverse the judgment of the Court of Appeals, annul the conviction, and remand the case to that court with direction to remand the case to the trial court for further proceedings

---

[5]The Commonwealth cites McManus v. Commonwealth, 16 Va.App. 310, 312, 429 S.E.2d 475, 476 (1993) where the Court, in its consideration of "a rule unique to rape trials", held that "the underlying rationale for the [recent-complaint] rule does not limit its application to those cases where the victim actually testifies." We will reserve judgment on that question until it is raised by assignment of error in an appeal of a rape conviction to this Court.

consistent with this opinion.

<u>Reversed and remanded</u>.