COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


FLOYD MARTIN LANE, SOMETIMES KNOWN AS
 FLOYD MARTIN LANE, SR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2161-98-2          JUDGE LARRY G. ELDER
                                      SEPTEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                 William H. Ledbetter, Jr., Judge

          Andrea C. Long (Charles C. Cosby, Jr.; Boone,
          Beale, Cosby & Long, on brief), for
          appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          John H. McLees, Jr., Assistant Attorney
          General, on brief), for appellee.


     Floyd Martin Lane, Sr., (appellant) appeals from his jury

trial convictions for rape and forcible sodomy of the victim,

who was his stepdaughter.  Appellant contends that the trial

court erred in admitting the testimony of an expert concerning

victim recantation, as well as the testimony of the victim's

mental health counselor.  Appellant also challenges the

sufficiency of the evidence to support his convictions.  Finding

no error, we affirm.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

ADMISSIBILITY OF LANZAFAMA'S TESTIMONY

Appellant contends that the trial court erred in ruling that Detective Lanzafama was qualified to testify as an expert witness on the subject of recantation by alleged victims of sexual abuse.[1]  We disagree and affirm the ruling of the trial court.

"In any proper case, an expert witness may be permitted to express his opinion upon matters not within common knowledge or experience."  Cartera v. Commonwealth, 219 Va. 516, 518, 248 S.E.2d 784, 786 (1978).  "The record must show that the proffered expert possesses sufficient knowledge, skill, or experience to render him competent to testify as an expert on the subject matter of the inquiry."  King v. Sowers, 252 Va. 71, 78, 471 S.E.2d 481, 485 (1996).  A witness need not have specialized training in a particular field and may gain his expertise solely through work experience.  See Wileman v. Commonwealth, 24 Va. App. 642, 647-48, 484 S.E.2d 621, 624

---

[1] Appellant's only contention in his petition for appeal, and on brief, was that the trial court erred in qualifying Lanzafama as an expert on recantation in child abuse cases. Under Rule 5A:12(c), "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals."  See Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).  Further, unlike Rule 5A:18, Rule 5A:12 contains no "good cause" or "ends of justice" exception.  See Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998). Therefore, no appeal was granted on any other aspect of Lanzafama's testimony, and we may not consider any other challenges to it on appeal.

(1997) (qualifying bank official as expert in comparing signatures to determine authenticity). "Whether a particular witness is qualified to testify as an expert is 'largely a matter in the discretion of the trial court, and its rulings allowing a witness to testify will not be disturbed unless it clearly appears that [the expert] was not qualified.'" Id. at 647, 484 S.E.2d at 624 (citation omitted).

Lanzafama testified that, in his six years as a detective, he had investigated approximately three hundred sexual assault cases. In addition, he had undergone many hours of training in the area of alleged sexual abuse, which had incorporated about ten hours of specialized training on the issue of a child's recanting allegations of abuse. Finally, he testified that he had read about twelve articles on the subject of recantation in conjunction with his formal training. We cannot say from the evidence in this record that the trial court abused its discretion in permitting Detective Lanzafama to give an expert opinion on the likelihood of recantation based on a hypothetical question.

## II.

### ADMISSIBILITY OF HOBBS' TESTIMONY

Appellant contends the trial court erred in allowing Karen Hobbs to testify that J.D. suffered from post-traumatic stress disorder (PTSD) and that it could result from sexual abuse. He contends that Hobbs was not competent to testify on these

-

issues; that her testimony was more prejudicial than probative; and that her testimony constituted impermissible "bolster[ing]" of J.D.'s testimony. Again, we disagree.

We note first that appellant raised no objection at the trial level to Hobbs' competency to give expert testimony. In fact, even after the trial court specifically pointed out that appellant had not objected to Hobbs' competency to testify, appellant articulated no objection on these grounds. Appellant also did not contend that Hobbs' testimony was more prejudicial than probative. Therefore, Rule 5A:18 bars our consideration of these issues on appeal. Further, under the principles enunciated above regarding the admissibility of expert testimony, we hold that neither the good cause nor the ends of justice exception to Rule 5A:18 justifies our consideration of these issues.

Appellant properly preserved for appeal his argument that Hobbs' testimony regarding J.D.'s PTSD diagnosis and the possible link between sexual abuse and PTSD constituted impermissible bolstering of J.D.'s testimony. However, this objection is without merit. Under settled principles, "[e]vidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). As we held in Taylor v. Commonwealth, 21 Va. App. 557, 565, 466 S.E.2d 118, 122 (1996), "evidence of an emotional or

-

psychological injury such as posttraumatic stress disorder, like medical evidence of physical injury, is relevant as circumstantial evidence of the occurrence of a traumatizing event."

For these same reasons, Hobbs' testimony that sexual assault is one of several traumatic events that could trigger PTSD also was proper. Hobbs did not opine that J.D. had been sexually abused.[2] See Jenkins v. Commonwealth, 254 Va. 333, 338-40, 492 S.E.2d 131, 134 (1997) (reversing conviction for sexual battery on ground that trial court erroneously permitted expert witness to opine that victim had been sexually abused and

---

[2] Hobbs also testified that J.D. reported having been sexually assaulted "[b]y her stepfather," but Hobbs provided no further details. At trial, prior to Hobbs' testifying, the Commonwealth asserted that the fact of J.D.'s report to Hobbs was "admissible as a fresh complaint." Appellant registered no objection to the admissibility of such statements at that time, and he made no contemporaneous objection to their admissibility when Hobbs testified to them before the jury. Finally, he did not challenge this portion of Hobbs' testimony in his petition for appeal, on brief, or in oral argument to this Court. Therefore, assuming without deciding that admission of Hobbs' testimony regarding J.D.'s statements to her was error, see Jenkins v. Commonwealth, 254 Va. 333, 338-40, 492 S.E.2d 131, 134 (1997) (in reversing conviction for sexual battery on other grounds, noting that trial court erroneously permitted expert witness to repeat hearsay statement of non-testifying child victim "that he had been 'sexed'"), this issue is not properly before this Court on appeal. See Rule 5A:12(c); Cruz, 12 Va. App. at 664 n.1, 406 S.E.2d at 407 n.1 (noting that issue was not raised in petition for appeal and, therefore, that no appeal was granted by this Court on that issue); see also Thompson, 27 Va. App. at 626, 500 S.E.2d at 826 (noting that Rule 5A:12, unlike Rule 5A:18, contains no "good cause" or "ends of justice" exception).

-

that erroneous admission of opinion was not harmless).  Hobbs' testimony amounted, at most, to an opinion that the victim's PTSD diagnosis was consistent with sexual abuse, and it did not exclude the possibility that some other stressor had triggered the PTSD.  See Hussen v. Commonwealth, 257 Va. 93, 99, 511 S.E.2d 106, 109 (1999) (in affirming rape conviction, holding that expert testimony that victim's injury was "not consistent with consensual, first time intercourse" was not comment on ultimate issue of whether encounter occurred "against the victim's will"); see also Jenkins v. Commonwealth, 22 Va. App. 508, 517-18, 471 S.E.2d 785, 790 (1996) (en banc) (holding that expert testimony on PTSD was improper comment on ultimate issue because expert "opined not as to what could have been the causative stressor but rather what was the causative stressor"), rev'd on other grounds, 254 Va. 333, 492 S.E.2d 131 (1997).

Therefore, we hold the trial court did not err in admitting the challenged portions of Hobbs' testimony.

III.

SUFFICIENCY OF THE EVIDENCE

Appellant's last contention is that J.D.'s testimony was uncorroborated and inherently incredible, rendering the evidence to support his convictions insufficient as a matter of law. Again, we disagree and affirm appellant's convictions.

On appellate review, we must examine the evidence in the light most favorable to the Commonwealth, and we may not disturb

-

the jury's verdict unless it is plainly wrong or without evidence to support it. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The conclusions of the fact finder on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)). In all other cases, we must defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). These same principles apply in cases involving rape and sodomy convictions, which may be sustained solely upon the testimony of the victim, even in the absence of corroborating evidence. See Fisher, 228 Va. at 299, 321 S.E.2d at 203.

Here, the victim testified very specifically that on October 17, 1997, appellant had sexual intercourse with her against her will and forced her to perform fellatio on him. The jury clearly believed her testimony, as it was entitled to do, despite its knowledge that she previously had made and recanted allegations that appellant sexually abused her. Contrary to appellant's assertion, the medical evidence did not disprove the victim's allegations, for medical evidence established that her

-

hymen, due to its shape, would permit sexual intercourse without any tearing. Further, although no corroboration was necessary, other evidence supported J.D.'s testimony. First, she made a tape recording of the incident and explained to the jury what was happening as the tape played. Second, she reported that appellant had a distinctive mole just above his pubic hairline, a fact confirmed by police. Although appellant attempted to provide an innocent explanation for J.D.'s knowledge of the mole's location, the jury was free to reject his testimony and conclude he was lying to conceal his guilt. Third, J.D. received a diagnosis of PTSD, which was consistent with her allegations of ongoing abuse. Although the jury, as the finder of fact, was free to reject the victim's testimony, it also was free to believe the victim's testimony, for no evidence compelled the conclusion that she was lying.

Appellant contends that his convictions must be reversed because the Commonwealth failed to exclude all reasonable hypotheses of appellant's innocence. Appellant misconstrues the law applied on appellate review. This principle applies only when the Commonwealth attempts to prove its case with circumstantial evidence. See, e.g., Burrows v. Commonwealth, 224 Va. 317, 319, 295 S.E.2d 893, 894 (1982) (evidence insufficient to prove accused was criminal agent in robbery and malicious wounding because victim could not affirmatively identify his assailant and circumstantial evidence did not

-

exclude all reasonable hypotheses of appellant's innocence). When the Commonwealth offers direct evidence from an eyewitness whose testimony is not inherently incredible, the jury may accept that testimony as credible and reject all conflicting evidence, thereby determining, in essence, that no reasonable hypotheses of innocence remain.

For these reasons, we hold that the trial court did not err in admitting the challenged testimony of Lanzafama or Hobbs or in concluding that the evidence was sufficient to prove appellant committed rape and sodomy. Therefore, we affirm appellant's convictions.

<u>Affirmed</u>.