COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


RODNEY J. MILLER

MEMORANDUM OPINION[*] BY
v.   Record No. 2094-99-2         JUDGE RUDOLPH BUMGARDNER, III
                                        MAY 16, 2000
ELIZABETH W. EASTER, F/K/A
 ELIZABETH MILLER


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

Paul W. Cella for appellant.

No brief or argument for appellee.

Lucretia A. Carrico (Blandford, Carrico &
Newlon, P.C., on brief), Guardian ad litem
for the minor children.


    The trial court suspended Rodney J. Miller's visitation
with his children.  The father contends the trial court erred in
(1) admitting the hearsay statements of one of his children, and
(2) ruling that he forfeited his right to visitation because of
his incarceration.  We conclude the trial court erred in
admitting the child's statements and remand for rehearing.

    Two daughters were born to the father and Elizabeth Miller:
Jessica Lynn aged seven years, and Ashley Nicole aged ten years.
The father received a ten-year sentence for rape of the mother

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

and for breaking and entering her house with the intent to commit rape, robbery, or murder. After that trial, the juvenile and domestic relations district court granted the father visitation, and the children visited him eight times during his incarceration.

Both daughters told their guardian ad litem that they want no further visits with their father, and Ashley emphasized that she wanted no contact with him. The guardian ad litem reviewed letters that the father wrote the children and consulted the children's psychologist. The guardian ad litem believed that further visitation in prison would be damaging and injurious. She filed a motion in the juvenile and domestic relations district court to suspend the father's visitation. She alleged that the children's counselor reported that the father was damaging to the girls by "using" them to "remediate" his situation, that he was telling them details of incarceration which were not appropriate, and that he apparently tried to get Ashley to "recant" her allegations of his sexual abuse.

The juvenile and domestic relations district court suspended the father's visitation on November 19, 1997 until the children's counselor advised that visitation could resume. It ordered the father to participate in counseling to develop his ability to visit with the children. The juvenile and domestic relations district court reviewed the matter for nearly a year, but the father never participated in counseling, though the

-

children's counselor continued to recommend it.  The court made the order suspending visitation final, and the father appealed.

In the circuit court, the mother testified Ashley told her that her father sexually abused her.  The mother testified Ashley said that the father "was touching her in ways that he shouldn't have been touching her," and "had touched her vagina area and in her anal area."  The mother had Ashley use her doll to show her where the father had touched her.  She testified Ashley used the doll to show that "her father was taking his penis and rubbing it around her anal area, and he was taking his finger and touching her in her vagina area."

The evidence presented to the trial court consisted of the mother's recitation of Ashley's complaint of sexual abuse by her father.  Ashley did not testify.  There was no medical, psychological, or other evidence that corroborated the mother's hearsay evidence.  At trial, the guardian ad litem conceded that the evidence of Ashley's statements to her mother was hearsay.  However, on appeal she argues it was admissible to explain the mother's conduct afterwards.  After Ashley made the accusations, the mother took her to medical doctors, and based upon their findings and recommendations, she had the father leave the marital home.  The crimes for which the father received his penitentiary sentence occurred after the two separated during the summer of 1997.

-

Hearsay is defined as "'testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Jenkins v. Commonwealth, 254 Va. 333, 338, 492 S.E.2d 131, 134 (1997) (citations omitted). The purpose for which the content of a statement is introduced determines whether it is hearsay.

Under the facts presented, the admission of Ashley's statements regarding her father's sexual abuse were out-of-court statements admitted to prove the truth of the matter asserted; they were hearsay. Based upon this record, we cannot say that the admission of Ashley's otherwise unsubstantiated allegations of sexual abuse did not affect the decision to suspend visitation. Error is harmless when "'it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678). Where the error affects the verdict, it is not harmless. See id. Accordingly, we remand the matter for rehearing.

The father also contends that the trial court erred because it ruled that he forfeited his right to visitation because of his incarceration. However, the guardian ad litem contends that the trial court did not prohibit visitation but ordered that it

-

was in the mother's discretion and that the trial court declined to order the mother to take the children to the prison. We do not read the trial court's oral explanation of its decision[1] as the father characterizes it. However, we need not decide the issue because on remand exercise of discretion by the trial court will be based on further evidence of whether to modify the visitation. The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the children's best interest. See Farley v. Farley, 9 Va. App. 326, 327, 387 S.E.2d 794, 795 (1990). Its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Piatt v. Piatt, 27 Va. App. 426, 432, 499 S.E.2d 567, 570 (1998). The proceedings might even permit the introduction of the very evidence which

---

[1] The trial court ruled: "The defendant is not standing in the position that a non-custodial parent normally stands in. He's a convicted felon pulling time in the penitentiary system and forfeits significant rights, and in my view forfeits the right to have the mother, required by the court, to take those two children to the penitentiary. This ought to be a decision to be made by the custodial mother. Considering the wishes of the children, considering all of those things, this ought to be her decision. She seems to me presumed to have the best interest of those two children in her mind, whether it's to take or not to take them, and I don't think the Court ought to be involved for the next nine and a half years while he's in prison as to what the children are saying or what effect this has on the children to go to prison. In my view of the custodial mother – custodial parent views that it's not in the best interest of these children to go to the penitentiary but once a year or once every six months or once every three months or once every month or not at all, then that's her decision, and I'm going to deny any right to [court ordered] visitation." (Emphasis added).

-

was improper to admit when it was the sole evidence presented.
Cf. Mitchell v. Commonwealth, 25 Va. App. 81, 85-86, 486 S.E.2d
551, 553  (1997) (victim's brother could testify as to what
victim said after being sexually solicited because it
corroborated victim's testimony).

For the reasons stated, we reverse and remand for further
hearing.

Reversed and remanded.