COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


KEITH JONES
                                    MEMORANDUM OPINION* BY
v.    Record No. 2922-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      DECEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHHAMPTON COUNTY
                        Rodham T. Delk, Jr., Judge

              Archer L. Jones, II (Jones & Jones, P.C.,
              on brief), for appellant.

              Robert H. Anderson, III, Senior Assistant
              Attorney General (Mark L. Earley, Attorney
              General, on brief), for appellee.


     Keith Jones (appellant) was convicted in a jury trial of

maliciously causing bodily injury by mob action in violation of

Code § 18.2-41.  On appeal, he contends (1) the trial court

improperly admitted hearsay evidence and (2) the evidence was

insufficient to prove his guilt.  We disagree and affirm his

conviction.

                           I.  Background

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reasonable inferences fairly deducible therefrom.  See <u>Juares v. </u>
<u>Commonwealth</u>, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).
So viewed the evidence established that on September 5, 1998,
Neil Link (Link) and Steven Lovett (Lovett), were confined in
the Deerfield Correctional Center.  They were approached by
another inmate, Fitzgerald, who asked them to smuggle drugs into
the prison.  Both Link and Lovett rejected Fitzgerald's request.

On September 7, 1998, Link and Lovett were approached by
another inmate, Gholson, who said they owed him money as a
result of their deal with Fitzgerald.  Lovett and Link told
Gholson that there was no deal with Fitzgerald.  During this
encounter with Gholson, a group of inmates, including appellant,
encircled Link and Lovett.  Although nothing physical happened,
Link and Lovett were approached in a threatening manner and "it
felt like something was going to take place."

The next evening, the same group of people, including
appellant, tackled Lovett and started beating him.  Link was
also attacked by some members of the group.  During the attacks,
some of the inmates switched back and forth between assaulting
Link and Lovett.  There was no evidence that appellant actually
struck Link.  However, appellant was present during the attacks,
appeared to be stomping someone on the floor, was identified as
directing some of the attack, and stood over Link during part of
the attack.

-

## II. Hearsay

Appellant first contends that the trial court improperly allowed two hearsay statements into evidence over his objection. The first statement concerned a conversation with inmate Fitzgerald ("Fitzgerald's statement"). Over appellant's objection the trial court allowed Link to testify that Fitzgerald "asked Mr. Lovett if he would be willing to smuggle some drugs into the institute in the visiting room. Mr. Lovett told him no, he wouldn't. And he asked me the same question." Appellant argues the trial court erred in ruling that this statement was not offered for the truth of the matter and therefore improperly admitted the statement. Fitzgerald's statement prejudiced appellant because it established a "mob" motive.

The second statement related to a conversation with Gholson ("Gholson's statement"). Gholson's statement was admitted into evidence over appellant's objection during Lovett's testimony. Lovett testified:

> Well I told him I didn't owe him some money. Basically the reason that he was stating that I owed him some money was because Fitzgerald on the 5th, had come to me asking me to bring him some drugs. Somehow he went to [Gholson] and told [Gholson] that the deal was made already. I told [Gholson], I said, I didn't make no deal. I don't owe no money and that was the end of it and I walked away from him.

-

A trial court has broad discretion in admitting evidence, and its ruling will not be disturbed on appeal, absent an abuse of discretion. Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996). Hearsay evidence is "'testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Jenkins v. Commonwealth, 254 Va. 333, 338, 492 S.E.2d 131, 134 (1997) (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977)). Assuming that both statements were offered for the truth, we find that appellant waived any objection to them.

A. "Fitzgerald's statement"

"[W]here an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and we cannot reverse the alleged error." Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970); accord Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992). A party cannot avail itself of an objection to evidence if the party has, at some other time during the trial, "voluntarily elicited the same evidence, or has permitted it to be brought out by his adversary without objection." Burns v. Board of Supervisors of Stafford County, 227 Va. 354, 363, 315

-

S.E.2d 856, 862 (1984) (quoting Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923)).

In the instant case, appellant initially objected to Link's testimony regarding "Fitzgerald's statement." Appellant then cross-examined Link about the statement and other possible motives for the individuals who attacked Link. Lovett testified to the same statements made by Fitzgerald without objection. Appellant had a duty to object in a timely manner. Lovett's testimony without objection amounts to a waiver by appellant of his hearsay objection. Id. Nor was appellant's failure to object saved by his prior objection to Link's testimony. His prior objection cannot be interpreted as a continuing objection to this testimony. Thus, appellant's failure to object when Lovett testified waived any objection to the trial court's admission of "Fitzgerald's statement." Accordingly, the trial court did not err in allowing testimony regarding Fitzgerald's conversations with Link and Lovett.

B. "Gholson's statement"

Appellant cross-examined Link regarding the motivation of some of the attackers. Link testified that Green, one of the inmates who attacked Link, had made sexual advances towards Link. Link turned down these advances and during the attack Green made mention of the failed sexual advances as the reason for the attack. Appellant elicited this testimony to prove that a mob did not exist, as the Commonwealth alleged, because there

-

was no single group motive for the attack on Link. "Having introduced evidence of the same character, appellant is confronted by a substantive rule of law which renders irreversible the action of the trial court in permitting the Commonwealth to introduce evidence of the victim's [or defendant's] state of mind." Strohecker v. Commonwealth, 23 Va. App. 242, 255, 475 S.E.2d 844, 851 (1996).

Having introduced evidence of an individual motive for the attack on Link, the Commonwealth was entitled to offer evidence of a group motive behind the attack to disprove appellant's theory that no mob existed because of individual motivations in attacking Link. By establishing that Gholson approached Link and Lovett with a group of inmates in a threatening manner and alleged that Lovett owed him money, the Commonwealth was using the statement to establish the state of mind of Gholson and the group of inmates in the attack. Therefore, Gholson's statement was offered by the Commonwealth to establish that a drug deal, involving a group of inmates, was the underlying motivation for their attack on Link, not a failed sexual advance by a single inmate. Thus, the evidence was admissible to establish the state of mind of the group of inmates.

III. Sufficiency of Evidence

Lastly, appellant contends that the evidence was insufficient to support a finding of guilt.[1]  Code § 18.2-38 defines a "mob" as "any collection of people, assembled for the purpose and with the intention of committing an assault or a battery upon any person or an act of violence."  "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact."  Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991); accord Campbell v. Commonwealth, 12 Va. App. 476, 483-84, 405 S.E.2d 1, 4 (1991).  The mob need not have a common motivation or underlying reason for the assault, they "need only to collectively band together with the common purpose and intention of committing an assault and battery upon a person."  Harrell v. Commonwealth, 11 Va. App. 1, 7, 396 S.E.2d 680, 683 (1990).

Although not every act of assault by a group of people constitutes a mob assault, no particular words or express agreements are required for a mob to exist.  See id. at 7-8, 396 S.E.2d at 683.  Nor is it a defense for appellant that he did not actually strike the victim.  See id. at 8, 396 S.E.2d at

---

[1] The Commonwealth argues that appellant waived this issue by failing to renew his motion to strike the evidence at the end of all the evidence.  We disagree as appellant preserved the issue in his motion to set aside the verdict made at his sentencing hearing.

-

683. If appellant was a part of the "mob" which attacked Link, then appellant is criminally culpable for all the acts of the "mob" even though he "may not have actively encouraged, aided, or countenanced the act." Id. "[C]riminal accountability flows from being a member of the mob, regardless of whether the member aids and abets in the assault and battery." Id.

The evidence established that on September 7, 1998, a group of inmates described as a "click," including appellant, approached and encircled Lovett. This encounter was "getting to a physical manner" and some members of the group "approached Mr. Lovett and [Link] in a threatening manner." The tone of this encounter was "very angry" and "plotful"; it "felt like something was going to take place," but it didn't.

The following evening, the same group of inmates, including appellant, approached Lovett and Link again. Some of the group tackled Lovett and started assaulting him. Within seconds another member of the group struck Link, and other members joined in the assault on Link. Some of the members of this group switched back and forth between assaulting Link and assaulting Lovett. Although no evidence proved that appellant actually struck Link, Link saw appellant standing over him during the fray. The evidence was sufficient to prove the group attacking the victims was a "mob," that appellant was a part of

-

the group, and thus culpable for the actions taken by the "mob."

Accordingly, we affirm appellant's conviction.

Affirmed.
