COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


CARLOS GAYTAN

                                                      MEMORANDUM OPINION[*] BY
v.      Record No. 2139-07-4                    JUDGE WILLIAM G. PETTY
                                                             JUNE 9, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                                  Lisa B. Kemler, Judge

            Megan Thomas, Senior Assistant Public Defender (Office of the
            Public Defender, on brief), for appellant.

            Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Carlos Gaytan was convicted of one count of aggravated sexual battery in violation of

Code § 18.2-67.3. He contends that the trial court erroneously admitted hearsay statements,

made by the seven-year-old victim to her mother immediately after the aggravated sexual battery

occurred, under the excited utterance exception.[1] Gaytan argues that because the mother had to

"calm down" the victim before she could explain what happened, the statement was no longer a

spontaneous and impulsive excited utterance. We disagree and affirm Gaytan's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In addition, Gaytan argues on brief that the admission of the hearsay statements was
testimonial and violated his right to confrontation guaranteed by the Sixth Amendment.
However, in Gaytan's petition for appeal, the three-judge order granting his petition for appeal,
and his opening brief, the question presented was simply: "Did the trial court err in permitting
an out of court statement by the complainant to her mother under the excited utterance exception
to the hearsay rule?" The issue of whether the trial court violated Gaytan's Sixth Amendment
right to confrontation is not raised by his question presented; therefore, it is not properly before
us and we decline to consider it. Rule 5A:12(c) (stating that "[o]nly questions presented in the
petition for appeal will be noticed by the Court of Appeals").

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party below, the Commonwealth, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), and we grant to that party all fair inferences flowing therefrom. Coleman v. Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

On the early morning of March 31, 2007, Carlos Gaytan spent the night with his friend and his friend's family, including seven-year-old H.S. After H.S.'s parents had gone to sleep in their bedroom, she began crying and her mother went to see what was wrong. The mother testified that she went into H.S.'s room and saw that H.S. was still crying. According to the mother, H.S. was "nervous" and "trembling." She testified that she told H.S. to "calm down, so I am able to understand what you're trying to tell me. So calm down."

Gaytan objected to any statements made by H.S. to her mother because the fact that the mother calmed H.S. down meant that her statements were no longer spontaneous and impulsive to satisfy the requirements of the excited utterance exception to the hearsay rule. The trial court overruled his objection and allowed the mother to testify that H.S. told her that "[m]y father's friend came into the room, touched my feet, touched my legs, opened me up, and stuck his finger into the – my front part, and into my back part, into the anus."

H.S. testified at trial and was subject to cross-examination. She stated that Gaytan "came in [her] room and touched [her] back part." When asked to describe what her "back part" is, H.S. replied "my butt." More specifically, when asked, "when you go poop in the potty, what part of your body do you use?," H.S. replied, "the back part." Further, H.S. testified that Gaytan

was the person who touched her. The trial court convicted Gaytan of aggravated sexual battery. This appeal followed.

## II. ANALYSIS

Gaytan argues that the trial court erred by admitting the hearsay testimony of the child's mother regarding what H.S. said to her immediately after Gaytan molested her. He contends that the statements lacked the necessary spontaneity and impulsiveness to qualify as an excited utterance. According to Gaytan, because H.S.'s statements were in response to her mother's questions and they occurred after her mother calmed her down, they are no longer excited utterances.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Jones v. Commonwealth, 50 Va. App. 437, 446, 650 S.E.2d 859, 863 (2007) (quoting Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)). It logically follows, then, that "[t]he decision whether the statement qualifies as an excited utterance lies within the discretion of the trial court," which will not be reversed unless the record reflects an abuse of discretion. Goins v. Commonwealth, 251 Va. 442, 460, 470 S.E.2d 114, 126 (1996).

Hearsay has been repeatedly defined as "'testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'" Jenkins v. Commonwealth, 254 Va. 333, 338-39, 492 S.E.2d 131, 134 (1997) (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977)). The hearsay rule is a rule of exclusion in that if a statement falls within the definition of hearsay, it is not admissible into evidence. The rule exists because hearsay evidence has "traditionally . . . been considered unreliable evidence." Myrick v. Commonwealth, 13 Va. App. 333, 337, 412 S.E.2d 176, 178

(1991). However, the excited utterance exception to the hearsay rule exists because the circumstances surrounding those statements ensure reliability. See Goins, 251 Va. at 460, 470 S.E.2d at 126 (stating that whether a statement is an excited utterance, and thereby admissible, "depends upon the circumstances of each case").

While there is "no fixed rule" for the excited utterance exception to the hearsay rule, the exception applies when the circumstances indicate that the statement was spontaneous and impulsive. Id. A statement is spontaneous and impulsive when it is "prompted by a startling event and made at such time and under such circumstances as to preclude the presumption that it was made as a result of deliberation." Id. In other words, the statement must be made while the declarant—who has "firsthand knowledge of the startling event"— is still "acting under the agitation of the startling event." Id. The rationale is that "the stress or excitement produced by a startling event may suspend one's powers of deliberation and fabrication, thus ensuring the trustworthiness of declarations prompted by the startling event." Martin v. Commonwealth, 4 Va. App. 438, 441, 358 S.E.2d 415, 417 (1987).

In Martin, the appellant went into the bathroom with a twenty-three-month-old girl who was taking a bath with her three-year-old brother. Id. at 440, 358 S.E.2d at 416. Shortly thereafter, the child's babysitter heard the twenty-three-month-old girl cry loudly. Id. The babysitter ran into the bathroom and noticed that the child's eyes were red, watery, and tears were coming down her face. Id. at 440, 358 S.E.2d at 417. The babysitter asked what was wrong and she replied, "That boy put his pee-pee on me." Id. The evidence showed that the term "pee-pee" referred to Martin's penis. Id. A panel of this Court held that

> [t]he brief lapse of time [up to five minutes] between the startling
> event and her declaration . . . indicates the statement's spontaneity
> and a lack of deliberation. Moreover, particularly in the case of
> statements made by young children, the element of trustworthiness
> underscoring the spontaneous and excited utterance exception

> finds its source primarily in the child's lack of capacity to fabricate rather than the lack of time to fabricate.

Id. at 442, 358 S.E.2d at 418.

Here, H.S. is seven years old. According to her testimony, Gaytan had just come into her room, touched her legs, sexually abused her, and left. The mother testified that H.S. was "nervous" and "trembling" to the extent that she had to calm H.S. down to understand what she was trying to say. Clearly, immediately after the event, H.S. was so distraught that she could not speak coherently. The mother spent two to three minutes calming H.S. down. After H.S. calmed down to the point where she could speak, the mother asked H.S. what happened and she made the statements that Gaytan sexually molested her.

Gaytan contends that because H.S. was "calm" when she made the statements, they were no longer spontaneous and impulsive. However, like Martin, the trustworthiness of H.S.'s statements stems from their proximity to the startling event *and* her age. In this case, we find that, "'under the circumstances disclosed by the record, it is hardly reasonable to suppose that [the declaration] could have been fabricated, as both the time and capacity for reflection were wanting.'" Id. (quoting McCann v. Commonwealth, 174 Va. 429, 440, 4 S.E.2d 768, 772 (1939)). Therefore, we hold that H.S.'s statements to her mother qualify as an excited utterance.

### III. CONCLUSION

Because H.S.'s statements were both spontaneous and impulsive, we conclude that the trial court did not abuse its discretion by admitting the hearsay statements under the excited utterance exception to the hearsay rule. Therefore, we affirm.

Affirmed.