COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


TOMMY GREEN
                                      OPINION BY
v.    Record No. 2815-98-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      MAY 9, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Rodham T. Delk, Jr., Judge

              Michael A. Jagels (James O. Broccoletti;
              Zoby & Broccoletti, on brief), for appellant.

              Leah A. Darron, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Tommy Green (appellant) was convicted in a bench trial of

misdemeanor possession of marijuana, in violation of Code

§ 18.2-250.1, possession of cocaine, in violation of Code

§ 18.2-250,[1] and transporting cocaine with the intent to

distribute, in violation of Code § 18.2-248.01.  On appeal, he

contends the trial court erred:  (1) in denying his motion to

---

[1] Appellant was initially charged with possession with intent
to distribute marijuana, in violation of Code § 18.2-248.1, and
possession with intent to distribute cocaine, in violation of Code
§ 18.2-248.  The trial court granted appellant's motion to strike
the evidence of intent to distribute on these two charges and
convicted appellant of misdemeanor possession of marijuana and
simple possession of cocaine.  However, the sentencing orders
contain clerical errors indicating that appellant was convicted of
"PWID Marijuana (M) (§ 18.2-248.1)" and "PWID Cocaine (F)
(§ 18.2-248)."

suppress; and (2) in finding that venue for the transportation of cocaine charge was proper in the City of Suffolk.  For the following reasons, we affirm the trial court's denial of the motion to suppress and reverse and remand the conviction for transporting cocaine with the intent to distribute.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed, the evidence established that on October 1, 1996, Detective Robert Vasquez (Vasquez) of the Newport News Police Department intercepted a package in Newport News, Virginia.  At the time, Vasquez was working with the DEA's drug task force at a United Parcel Service (UPS) facility in Newport News when he saw a partially opened package.  The package appeared to contain green vegetables, had been shipped from New York, New York, and was addressed to "Mrs. J. Jenkins" at "2832 East Washington Street" in the City of Suffolk.

Vasquez removed the package from the shipping line and placed it in a line with ten other boxes.  A drug detection dog was brought in to determine whether drugs were present.  During the procedure, the dog alerted on the package in question.  Based on this information, Vasquez obtained a search warrant for

-

the package, opened it and found 211.6 grams of cocaine and 59 grams of marijuana in a brown paper bag underneath some "collard greens" and "green beans."

As a result of the search, Vasquez contacted the City of Suffolk Police Department and executed a controlled delivery of the package to the Suffolk address listed. Prior to executing the delivery, police removed all of the cocaine and marijuana except for one gram of each substance.

The residence at the address listed on the package was a single story duplex that was one building, but it contained two street numbers on the front of the building, "2832" on the left and "2834" on the right. At the time of delivery, Vasquez, wearing a UPS uniform, approached the chain link fence surrounding the building. After the agent rang the doorbell, which was affixed to the chain link fence, appellant exited from 2834 and came to the gate. Vasquez told appellant that he had "a package for 2832 for Mrs. J. Jenkins." Appellant stated, "Well, that's me." Vasquez said, "Well, you need to sign for the box." Appellant exited the gate and signed for the package. The agent gave the box to appellant, who re-entered the 2834 side of the residence.

As the delivery occurred, Investigator Gary Parker (Parker) was at the magistrate's office with a substantially prepared search warrant and affidavit. Parker, awaiting verification of the delivery, was on a cellular phone with Officer T.M.

-

Davenport, who was at the scene. Davenport reported that appellant exited 2834, received the package and re-entered the 2834 residence. Parker made a handwritten addition of this information at the end of the typed search warrant affidavit. The officer initialed the handwritten addition to the affidavit and the magistrate issued the search warrant for "2832 EAST WASHINGTON ST. SUFFOLK, VA. A GREY SINGLE STORY DUPLEX WITH WHITE TRIM, ENCLOSED WITH A CHAIN LINK FENCE. WHEN FACING THE RESIDENCE IT IS TO THE FAR LEFT." The warrant did not mention the 2834 side of the duplex because the officer failed to insert the information into the warrant as he had in the attached affidavit. However, Parker testified that he believed the warrant authorized the search of "2832 East Washington Street and 2834 East Washington Street," both located within the single story duplex.

Approximately two minutes after appellant took possession of the package, police officers began to enter the 2834 residence. At that moment, appellant exited 2832 carrying the package and was apprehended by the police. Upon his arrest, police found a UPS "customer counter shipping record" in appellant's right rear pocket. That document, dated September 30, 1996, constituted a receipt given by UPS to the individual who originally shipped the package at the UPS counter in New York. That document showed that the package had been shipped at the next day air travel rate, indicating that the package was

-

shipped from New York on September 30, 1996 and was to be delivered in Suffolk, Virginia the following day.

During the search of the 2832 premises, police recovered from a hole in the floorboard the suspected one gram of cocaine and one gram of marijuana. The police also saw loose vegetables, similar to the ones contained in the package when it was initially seized by Vasquez at the Newport News UPS facility. In a search of the 2834 residence, police recovered numerous partially smoked marijuana cigarettes, a clear plastic bag containing marijuana, and rolling papers. Appellant admitted that after he accepted the package from Vasquez and re-entered the 2834 residence through the front door, he then entered the 2832 residence through the back door. When the police apprehended appellant exiting 2832, he was the only individual present in that residence.

In his pretrial motion to suppress, appellant argued that the evidence seized from the 2834 residence was inadmissible because the face of the warrant did not authorize the police to search that side of the duplex. The trial court denied appellant's motion, stating that the warrant was properly issued for 2832 and, based upon the information in the affidavit attached to the warrant, the officers had a good faith basis to search 2834.

At the conclusion of the Commonwealth's case, appellant moved to strike the transportation charge, contending that venue

-

was improper in the City of Suffolk.  The package that was delivered to the Suffolk address contained less than one ounce of suspected cocaine.  Appellant conceded that the transportation charge could be tried in Newport News where the police seized the entire 211 grams.  However, he argued the evidence was insufficient to prove that he transported the statutorily required amount into the City of Suffolk.  The trial court denied the motion, stating the following:

> The transportation undoubtedly occurred beyond any shade of a doubt.  Two hundred eleven grams is some eight ounces, is certainly more than four ounces, substantially more than one ounce of cocaine.  It was transported in the State of Virginia.  In commerce as to Newport News and then also it was brought from Newport News to Suffolk by the police.  The issues are whether Mr. Green was involved in that transporting.
>
> Mr. Green willingly received the package that was addressed to the address where he held himself out to reside.  There is evidence that he used, in the case that he used both addresses, 2834 as well as 2832.  He held himself out to reside in both of the addresses.  He was there.  He was the only person there.  He willingly accepted the box, without any question, as to the point of delivery, as to the return address shown on the box.  Not only that, but I think most tellingly, he was in possession of the customer counter shipping record which originated at the point of shipping in New York City. . . .

Appellant was convicted of misdemeanor possession of marijuana, in violation of Code § 18.2-250.1, possession of cocaine, in

-

violation of Code § 18.2-250, and transporting cocaine with the intent to distribute, in violation of Code § 18.2-248.01.

## II. SEARCH WARRANT

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). In the instant case, appellant does not challenge the validity of the search warrant for the premises located at 2832 East Washington Street. However, he argues the search of the 2834 residence was invalid because the warrant specified only "2832" and the good faith exception did not apply.

Assuming, without deciding, that the search of 2834 East Washington Street was improper, any error was harmless because the evidence seized from the 2832 residence was sufficient to convict appellant of the two possession offenses. "When a trial court admits evidence in violation of the United States Constitution, the court's error is a constitutional one." Williams v. Commonwealth, 30 Va. App. 378, 383, 517 S.E.2d 246, 249 (1999) (citing Jenkins v. Commonwealth, 254 Va. 333, 336, 492 S.E.2d 131, 132 (1997)). "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a

-

belief that it was harmless beyond a reasonable doubt."  Id.
(internal quotations and citations omitted).  "We decide whether
the erroneous admission of evidence was sufficiently prejudicial
to require reversal on the basis of our own reading of the
record and on what seems to us to have been the probable impact
on the fact finder."  Id. at 384, 517 S.E.2d at 249 (internal
quotations and citations omitted).

Based upon our review of the record, we conclude that any
erroneous admission of the evidence seized from the 2834
residence was harmless beyond a reasonable doubt because the
"record contains 'overwhelming' evidence of guilt."  Scott v.
Commonwealth, 25 Va. App. 36, 42, 486 S.E.2d 120, 123 (1997).
Here, one gram of cocaine and one gram of marijuana were placed
back into the package after the police discovered the narcotics
in Newport News.  At the controlled delivery in Suffolk,
appellant received the box containing the contraband.  It was
later discovered in the hidden floor compartment at 2832 East
Washington Street.  The trial court ruled that there was no
infirmity in the search warrant as to the 2832 residence, and
appellant does not challenge that finding on appeal.  The
substances recovered from 2832 were sufficient to support his
convictions for possession of marijuana, in violation of Code
§ 18.2-250.1, and possession of cocaine, in violation of Code
§ 18.2-250.  Accordingly, any error was harmless beyond a
reasonable doubt.

-

                          III.  VENUE

     Appellant next contends that venue on the transportation

offense was improper because no evidence established that the

crime was committed in the City of Suffolk.  Although he

concedes that "a charge of this nature could lie maybe in

Newport News," where Vasquez intercepted the suspected

narcotics, he argues that the trial court in the City of Suffolk

lacked jurisdiction over the transportation charge.[2]  Because the

Commonwealth failed to prove, as a requirement of venue, that he

"transported . . . one ounce or more of cocaine" into the City

of Suffolk, or that he "committed an act in Suffolk that put

into motion the transportation from New York," appellant

concludes that venue was improper and the conviction should be

dismissed.

     In response, the Commonwealth contends that venue is proper

in the jurisdiction where any part of the offense was committed

or, as applied to Code § 18.2-248.01, in any jurisdiction where

it can be shown that the drugs passed.  See Seke v.

_____

     [2] Appellant's argument that the evidence failed to prove
that the alleged transportation offense occurred in the City of
Suffolk "raises an issue of venue and does not constitute an
allegation that the circuit court lacked jurisdiction, or
inherent power, to decide this case."  Tribuzi v. Commonwealth,
25 Va. App. 289, 294 n.1, 487 S.E.2d 870, 873 n.1 (1997); see
also Southern Sand & Gravel Co. v. Massaponax Sand & Gravel
Corp., 145 Va. 317, 328, 133 S.E. 812, 815 (1926) ("That the
action is tried in a county other than that declared by statute
the proper county for its trial does not go to the jurisdiction,
and does not invalidate the judgment.").

                              -

Commonwealth, 24 Va. App. 318, 324-25, 482 S.E.2d 88, 90-91 (1997). Because the evidence established that appellant "transported" 211 grams of cocaine into Virginia and appellant intended to receive the shipment in the City of Suffolk, the Commonwealth concludes that venue was proper. We disagree with the Commonwealth and reverse the transportation conviction.

"Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. Venue is reviewed to determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990). The Commonwealth may prove venue by either direct or circumstantial evidence. In either case, the evidence must be sufficient to present a "'strong presumption' that the offense was committed within the jurisdiction of the court." Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

Code § 18.2-248.01, the statute under which appellant was convicted, provides in part:

> [I]t is unlawful for any person to transport by any means one ounce or more of cocaine, coca leaves or any salt, compound, derivative or preparation thereof as described in Schedule II of the Drug Control Act or any other Schedule I or II controlled substance or five or more pounds of

-

                    marijuana <u>into the Commonwealth</u> with intent
                    to sell or distribute such substance.

(Emphasis added).  Under this section, the Commonwealth is not

required to prove that the intended destination is Virginia.

See <u>Seke</u>, 24 Va. App. at 324, 482 S.E.2d at 91.  "Instead, a

violation of Code § 18.2-248.01 is proved when a person enters

the Commonwealth while transporting any of the illegal

substances set forth in the statute."  <u>Id.</u>  "Thus, a violation

of Code § 18.2-248.01 occurs the moment a person transporting

illegal substances penetrates the borders of the Commonwealth."

<u>Id.</u> at 325, 482 S.E.2d at 91.

        However, proof that appellant violated the statute does not

remove the requirement of bringing the case in the proper venue.

Venue is proper in the city or county where the offense

occurred, <u>see</u> Code § 19.2-244, and "the burden is on the

Commonwealth to prove venue by evidence which is either direct

or circumstantial."  <u>Pollard</u>, 220 Va. at 725, 261 S.E.2d at 330.

        In the instant case, the evidence does not support the

trial court's determination that venue for the charge of

transporting cocaine lay in the City of Suffolk.  As appellant

has conceded, venue would have been proper in the City of

Newport News.[3]  The evidence proved that the package containing

the cocaine was placed into transit in New York City.  Although

_____

        [3] On the record, we cannot say whether venue would have been
proper in any other jurisdiction.

                                    -

the intended destination was "2832 East Washington Street" in the City of Suffolk, the police intercepted the package in Newport News. At that time, the police removed all but one gram of cocaine and one gram of marijuana and transported the package to the City of Suffolk for a controlled delivery to appellant.

Under Code § 18.2-248.01, venue is appropriate in any jurisdiction where the required elements of the offense have been established. Here, viewed in the light most favorable to the Commonwealth, the evidence established that "one ounce or more of cocaine" was brought "into the Commonwealth." Code § 18.2-248.01. Additionally, the evidence established that appellant had mailed the drugs from New York to himself with the intended destination of Suffolk, Virginia. This satisfied the "transport by any means" element of Code § 18.2-248.01. However, the requisite amount of narcotics was not satisfied in the City of Suffolk where substantially less than "one ounce . . . of cocaine" was delivered. Thus, venue properly existed in each jurisdiction through which "one ounce or more of cocaine" was transported, but not in those jurisdictions where less than the required amount was transported. Because no evidence established that the completed transportation of "one ounce of more of cocaine" occurred in the City of Suffolk, we conclude that venue on the transportation charge was improper in that jurisdiction.

Contrary to the Commonwealth's argument, the fact that appellant _intended_ to transport the cocaine to an address in the City of Suffolk does not make venue proper there. As we recognized in Seke, "[a] violation of [Code § 18.2-248.01] does not depend upon the transporter's intended final destination." 24 Va. App. at 325, 482 S.E.2d at 91. Additionally, even if appellant believed the package that was delivered by Vasquez contained the entire 211 grams of cocaine, this cannot supply the quantity of drugs needed to fulfill the statutory requirements of Code § 18.2-248.01 and establish that a completed crime occurred in the City of Suffolk. Cf. Owusu v. Commonwealth, 11 Va. App. 671, 673, 401 S.E.2d 431, 432 (1991) (mere fact that an officer investigated a crime cannot support the inference that the crime occurred within the officer's jurisdiction).

For the foregoing reasons, we affirm appellant's convictions for possession of marijuana, in violation of Code § 18.2-250.1, and possession of cocaine, in violation of Code § 18.2-250. However, we reverse appellant's conviction for transporting cocaine with the intent to distribute, in violation of Code § 18.2-248.01, because we find that the Commonwealth did not meet its burden to establish venue in the City of Suffolk. "Proof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not part of the crime." Randall v. Commonwealth,

-

183 Va. 182, 187, 31 S.E.2d 571, 573 (1944); see Pollard, 220 Va. at 726, 261 S.E.2d at 330; Davis v. Commonwealth, 14 Va. App. 709, 714, 419 S.E.2d 285, 288 (1992).  Thus, we reverse and remand for retrial in a proper venue if the Commonwealth be so advised.

Affirmed, in part,
reversed and remanded,
in part.