COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


RICARDO LLOYD THOMAS
                                            OPINION BY
v.    Record No. 0592-01-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          MAY 21, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                 Benjamin N. A. Kendrick, Judge

          Garland L. Stith, Jr., for appellant.

          Kathleen B. Martin, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on brief),
          for appellee.


     Ricardo Lloyd Thomas (appellant) was convicted in a jury

trial of felony eluding a law enforcement officer resulting in

serious injury to another in violation of Code § 46.2-817.  On

appeal, he contends the trial court erred in finding the

evidence sufficient to establish venue in Arlington County.  We

agree and reverse and remand for retrial in Fairfax County if

the Commonwealth chooses.[1]

---

[1] Appellant raises two additional assignments of error.  He
contends that the trial court erred by refusing to allow him to
present evidence to the jury that the proper venue was Fairfax
County.  Because of our holding, this issue is moot.
Additionally, he contends that the evidence was insufficient to
prove that the victim sustained serious bodily injury.  However,
appellant presented no argument, authority or citations to the
record to support this assertion.  Thus, we do not consider it.
See Rule 5A:20; Buchanan v. Buchanan, 14 Va. App. 53, 56, 415
S.E.2d 237, 239 (1992).

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

The facts of this case are not in dispute.  On May 6, 2000, about 7:00 p.m., Officer John Hastings (Hastings) was on patrol in Arlington County in a marked police cruiser when he saw a white Dodge Durango parked illegally.  The driver matched the description of a burglary suspect.  He called the police communications center and learned that the car had been reported stolen.  Hastings followed the vehicle and when the Durango stopped at a gas station, Hastings activated his emergency lights, got out of his cruiser, and ordered the driver and another occupant to get out of the vehicle.  Initially, both occupants raised their hands, but the driver did not turn off the vehicle.  The driver looked at Hastings, then drove away at a high rate of speed.  The passenger jumped out.

Hastings chased the Durango.  The driver increased his speed, drove on the shoulder, across a double yellow line into opposing traffic lanes, and ignored red lights.  The Durango merged onto Route 66 westbound and drove from Arlington County into the City of Falls Church and later Fairfax County at speeds of up to approximately 110 miles per hour.  The Durango turned

onto the Capital Beltway and exited onto Route 50 in Fairfax County. The driver failed to stop for a red light at the end of the ramp and struck the rear of a vehicle that had the green light. He turned onto Lee Highway, accelerated to 80 miles per hour, and swerved into oncoming traffic in order to avoid a police roadblock. The chase ended when the Durango struck a blue sedan head-on. Hastings estimated that the Durango was "going on 55 to 60 miles an hour" when it struck the sedan. Both vehicles sustained "very severe" damage. At trial, Hastings identified appellant as the driver of the Durango.

Paul Basham (Basham), an accident investigator, testified that he met with Mr. Cusak, the driver of the blue sedan struck by the Durango. After appellant was apprehended, Basham went to the hospital emergency room and watched a doctor with a hand drill drilling into Cusak's right thigh. Five months later, Basham saw Cusak and noted that he was only able to walk with the assistance of crutches.

At trial, appellant objected to Arlington County as the proper venue because the accident causing injury to the victim occurred in Fairfax County. He argued that the injury-producing accident was a necessary element of the felony offense and it did not occur in Arlington County. The trial court overruled the objection, and the jury convicted the appellant of the felony of speeding to elude a law enforcement officer resulting in serious bodily injury to another.

II.

Code § 19.2-244 provides that, "[e]xcept as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."

Venue is reviewed to determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990). The Commonwealth may prove venue by either direct or circumstantial evidence. Id. In either case, the evidence must be sufficient to present a "'strong presumption' that the offense was committed within the jurisdiction of the court." Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

Code § 46.2-817 provided,[2] in pertinent part:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful or wanton disregard of such signal so as to

_____

[2] Code § 46.2-817(B) was amended in 1999, effective July 1, 2000. It now provides inter alia:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person shall be guilty of a Class 6 felony.

- 4 -

interfere with or endanger the operation of the law-enforcement vehicle or endanger other property or a person, or who increases his speed and attempts to escape or elude such law-enforcement officer, shall be guilty of a Class 1 misdemeanor.

If serious bodily injury to another results from a violation of the preceding paragraph, the offender shall be guilty of a Class 6 felony.

Appellant contends that his initial driving behavior which began in Arlington County as a misdemeanor could not be transmuted to a felony because a necessary element of the "felony offense" occurred not in Arlington County but in Fairfax County. Thus, while the evidence may have established a continuing misdemeanor offense of speeding to elude in both Arlington County and Fairfax County the requisite element of serious bodily injury occurred only in Fairfax County and, as such, required the felony offense to be tried in that venue.

The Commonwealth argues that because speeding to elude is a continuing offense, the statutory language requiring serious bodily injury to elevate the offense to a felony is an enhanced penalty provision rather than an essential element of the felony. We hold that under the facts of this case, the misdemeanor speeding to elude is a continuing offense which could be prosecuted in either Arlington County where the offense began or Fairfax County where the chase ended. However, all the necessary elements to establish the felony eluding occurred only

in Fairfax County and, thus, venue was proper only in Fairfax County.

"A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each." United States v. Midstate Horticultural Company, 306 U.S. 161, 166 (1939). See also Dunlavey v. Commonwealth, 184 Va. 521, 35 S.E.2d 763 (1945) (when property is stolen in one county and the thief is found with goods in another, venue for larceny is proper in either); Barber v. Commonwealth, 5 Va. App. 172, 360 S.E.2d 888 (1987) (because conspiracy is a continuing offense, venue may be proper in more than one place).

Our analysis in Green v. Commonwealth, 32 Va. App. 438, 528 S.E.2d 187 (2000), is applicable to the instant case. Green was charged with several drug offenses, including transporting one ounce or more of cocaine into the Commonwealth in violation of Code § 18.2-248.01. The evidence established that before the drugs reached Suffolk, the Newport News police intercepted the shipment and removed all of the cocaine except one gram, which reduced the amount of drugs shipped to Suffolk below that required for a violation of the statute. We held that

> venue properly existed in each jurisdiction through which "one ounce or more of cocaine" was transported, but not in those

- 6 -

> jurisdictions where less than the required amount was transported. Because no evidence established that the completed transaction of "one ounce or more of cocaine" occurred in the City of Suffolk, we conclude that venue on the transportation charge was improper in that jurisdiction.

Id. at 449, 528 S.E.2d at 192.

In the instant case, appellant engaged in a continuous course of reckless and dangerous driving behavior. All elements required for the misdemeanor offense defined in Code § 46.2-817 were complete in both Arlington County and Fairfax County. Like the defendant in Green, appellant could be tried in either venue on that offense. However, the felony offense of speeding to elude resulting in serious bodily injury was not complete until the accident in Fairfax County injured the victim, Mr. Cusak. That element of the felony offense did not occur in Arlington County and, thus, venue was improper in that jurisdiction.

Consequently, we find that the Commonwealth failed to prove venue and reverse the conviction. However,

> proof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not part of the crime. Because the foregoing error did not stem from evidentiary insufficiency with respect to the guilt or innocence of the defendant, the case will be remanded [to the Circuit Court of Arlington County for transfer to the Circuit Court of Fairfax County] for further proceedings, if the Commonwealth be so advised.

- 7 -

<u>Sutherland v. Commonwealth</u>, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988) (internal citations omitted).

<u>Reversed and remanded.</u>