COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


THOMAS G. PAYTES, S/K/A
 THOMAS GLENN PAYTES
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2681-02-2                       JUDGE JAMES W. BENTON, JR.
                                                       FEBRUARY 17, 2004
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF GREENE COUNTY
                          Daniel R. Bouton, Judge

          Helen E. Phillips for appellant.

          Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


     The trial judge convicted Thomas G. Paytes of the felony of disregarding a law enforcement

officer's signal to stop while driving in an endangering manner.  Code § 46.2-817(B).  Paytes

contends the evidence failed to prove venue was proper and, further, was insufficient to prove the

statutory element of endangerment necessary to support a felony conviction.  We affirm the

conviction.

                                          I.

     The evidence at trial proved that Captain Scott Haas of the Greene County Sheriff's

Department was in an unmarked car on Route 29 in Greene County at two o'clock in the morning,

when Paytes drove by him at a high speed.  He estimated Paytes's speed to be in excess of eighty

miles per hour in an area where the speed limit was posted as forty-five miles per hour.  Captain

Haas contacted Officer Greg Stang, whom he knew was ahead on the highway, and told Officer

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Stang to use his radar to detect Paytes's speed. Captain Haas activated his car's lights and siren and began following Paytes's speeding car.

Officer Stang was in his marked patrol vehicle in the median of Route 29, south of its intersection with Route 33, when his radar indicated Paytes was driving at a speed of ninety-three miles per hour in the forty-five mile-per-hour zone. Officer Stang activated his lights and siren and followed Paytes. Paytes failed to stop and continued north on Route 29, while Officer Stang and Captain Haas pursued him. Officer Stang testified that Paytes increased his speed to one hundred and five miles per hour and was "weaving in and out of the lines." He also testified that although there was not a lot of traffic, Paytes was passing other vehicles without signaling and "was having trouble staying between the single lane." Just beyond the intersection of Route 29 and Route 33, Officer Stang closed the distance enough to identify Paytes's license tag.

The pursuit went from Greene County into Madison County, which abutted Greene County approximately three and eight tenths miles north of the intersections of Route 29 and Route 33. The three vehicles continued through Madison County into Culpeper County, where Paytes left Route 29 and drove onto Route 15. On Route 15, the vehicles left Culpeper County, re-entered Madison County, and continued toward Orange County. Officer Stang testified that the speeds of the vehicles never substantially slowed during the pursuit and that his own speed ranged from one hundred and five to one hundred and ten miles per hour. As they drove through Madison County and toward an area on Route 15 where several police vehicles were waiting with their lights activated, Officer Stang lost sight of Paytes's car. About eight minutes after he lost sight of Paytes's car, Officer Stang saw Paytes's car returning at a high speed toward Culpeper County. After receiving a report of Paytes's direction change, a Culpeper officer followed Paytes at a high speed from Madison County toward Culpeper County, where officers placed spikes on the highway.

Paytes's car went over the spikes in Culpeper County, continued forward on disabled tires, and later went into a ditch.

After the Commonwealth completed its case-in-chief, Paytes's sister testified that she measured the distance on Route 29 between the Madison County line and the intersection of Route 29 with Route 33 in Greene County and that the distance was 3.2 miles. Paytes also introduced as evidence and played in open court the videotape of a portion of the pursuit Officer Stang recorded on a monitor in his patrol vehicle.

At the conclusion of the evidence, the trial judge convicted Paytes of driving in willful and wanton disregard of the officer's signal to stop so as to create an endangerment in violation of Code § 46.2-817(B).

II.

Paytes contends the trial judge erred by finding venue proper in Greene County. We disagree.

As a general rule, the venue statute requires "the prosecution of a criminal case . . . be had in the county or city in which the offense was committed." Code § 19.2-244. The rule is well established that this venue statute requires the Commonwealth to "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished by either direct or circumstantial evidence." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (citation omitted); Harding v. Commonwealth, 132 Va. 543, 548, 110 S.E. 376, 378 (1922).

At the time of Paytes's conduct, Code § 46.2-817(B) provided, in pertinent part, as follows:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person shall be guilty of a Class 6 felony.

Paytes argues that the evidence did not support a conclusion that he "endangered the operation of the law-enforcement vehicle or another person within Greene County." He relies in large measure upon our holding in Thomas v. Commonwealth, 38 Va. App. 319, 563 S.E.2d 406 (2002), where we reversed a felony conviction for failure to prove venue under an earlier version of Code § 46.2-817.[1] The earlier version of the statute provided, however, that if serious bodily injury to another resulted from a violation of the proscribed conduct, the offender was guilty of a felony. 38 Va. App. at 324, 563 S.E.2d at 408-09. The evidence proved Thomas drove through several jurisdictions, including Arlington where he was tried, before he injured a person in a crash in Fairfax County. In reversing the felony conviction, we held as follows:

> In the instant case, [Thomas] engaged in a continuous course of reckless and dangerous driving behavior. All elements required for the misdemeanor offense defined in Code § 46.2-817 were complete in both Arlington County and Fairfax County. . . . [Thomas] could be tried in either venue on that offense. However, the felony offense of speeding to elude resulting in serious bodily injury was not complete until the accident in Fairfax County injured the victim . . . . That element of the felony offense did not occur in Arlington County and, thus, venue was improper in that jurisdiction.

Thomas, 38 Va. App. at 325, 563 S.E.2d at 409.

Paytes contends that "[j]ust as the . . . offense in Thomas . . . was not complete until the accident, [his] offense was not complete until his vehicle was stopped in Madison County." This argument, however, fails to account for the change in the statute. Because of the change in the statute since Thomas, the venue in this prosecution is determined not by the situs of a serious

---

[1] As we noted in Thomas, prior to July 1, 2000, Code § 46.2-817 provided that a criminal offense occurred when any person failed to stop after receiving a signal from a law-enforcement officer and drove in willful and wanton disregard of the signal so as to create an endangerment. 38 Va. App. at 323-24, 563 S.E.2d at 408. In this regard, a portion of the statute we addressed in Thomas was similar to the version of Code § 46.2-817 applicable to Paytes. The current version of Code § 46.2-817, however, contains a significant change that causes Thomas to be distinguishable from this case.

bodily injury but, rather, by the place where endangerment occurred. As required under the version of Code § 46.2-817(B) in effect at the time of Paytes's conduct, the issue is whether the evidence was sufficient to raise a "strong presumption" that Paytes's conduct in Greene County endangered the operation of the law-enforcement vehicle or a person.

As we have recited in Part I of the opinion, the evidence proved Paytes was driving in excess of ninety miles per hour when the radar registered his speed in Greene County. The officer testified that Paytes's speed increased beyond one hundred miles per hour after the officer activated his lights and siren and joined the pursuit. The officer also testified that Paytes was moving as though not fully in control of his vehicle and was passing other cars without signaling. Paytes also drove at this excessive speed through an intersection of two highways in Greene County that was controlled by a traffic signal. The trial judge believed this testimony and found that although "there was not a great deal of other traffic on the highway . . . , there were other vehicles on the road . . . both the length of time during which this activity occurred in Greene County and the span of distance over which it took place." We hold that the evidence in the record supports the judge's findings and that the record supports his ruling on venue because the evidence permitted a strong inference that Paytes's conduct on the roadway in Greene County endangered both the law-enforcement vehicle and other persons.

III.

In addition to challenging venue, Paytes contends the evidence was insufficient to prove beyond a reasonable doubt the statutory elements necessary to support a felony conviction. He argues that the evidence proved only a misdemeanor.

The statutory element that distinguishes the felony offense under subsection B of Code § 46.2-817 from the misdemeanor offense under subsection A is the requirement to prove the driving was performed "so as to interfere with or endanger the operation of a law-enforcement

vehicle or endanger a person." Explaining the "endangerment" element necessary for establishing a felonious violation of Code § 46.2-817, we reasoned in Tucker v. Commonwealth, 38 Va. App. 343, 564 S.E.2d 144 (2002), that "a manifest purpose of the statute is to protect the public against a driver eluding police 'so as to . . . endanger a person'" and, thus, we held that "conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute." Id. at 347, 564 S.E.2d at 146.

It is a fundamental principle, of course, that, when a challenge is raised to the sufficiency of evidence to support a conviction, we must "examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences deducible therefrom." Nowlin v. Commonwealth, 40 Va. App. 327, 331, 579 S.E.2d 367, 369 (2003). In Part I of this opinion, we recited the evidence pertaining to the incidents of Paytes's driving conduct. In view of this evidence, the trial judge made extensive findings concerning Paytes's driving in Greene County. A succinct portion of the judge's findings are as follows:

> Here the officer testified that he observed a reading of ninety-three
> . . . miles per hour in a forty-five . . . mile per hour zone. The
> Court notes that this is observing a vehicle, in effect, that's
> traveling forty-eight . . . miles per hour over the speed limit on a
> public highway. In addition, the officer in his pursuit described
> how the speeds picked up to rates that were significantly greater
> than the ninety-three . . . miles per hour. The chase continued
> through an intersection on a public highway. There was a
> description of weaving in and out of lanes. There was a statement
> by the officer that there was not a great deal of other traffic on the
> highway. However, there were other vehicles on the road and . . .
> both the length of time during which this activity occurred in
> Greene County and the span of distance over which it took place
> supports the [conclusion] that in this particular case and under
> these particular circumstances the operation of the vehicle was
> such that it endangered the operation of the law enforcement
> vehicle or a person.

The evidence in the record, which is summarized in Part I, supports these findings. We hold, therefore, that the evidence was sufficient to prove beyond a reasonable doubt the elements of Code § 46.2-817(B), and we affirm the felony conviction.

Affirmed.