COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Senior Judge Overton
Argued at Chesapeake, Virginia


WILLIAM J. ROSS

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0246-04-1              JUDGE ROBERT P. FRANK
                                               FEBRUARY 15, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Charles B. Lustig, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


William J. Ross, appellant, was convicted, in a bench trial, in the Circuit Court of

Portsmouth of eluding the police in violation of Code § 46.2-817(B).  On appeal, he contends

that the trial court erred in finding the Circuit Court of Portsmouth had venue to try him for the

felony.  Finding the Circuit Court of Portsmouth did not have venue under Code § 19.2-244, we

reverse the conviction.

BACKGROUND

Portsmouth Police Officer F.D. Sumner was patrolling on Interstate 264 West in the City

of Portsmouth at nighttime.  He was traveling at 60 miles per hour when he saw a grey Acura

Integra driven by appellant pass him at a high rate of speed, "as though [Sumner] was standing

still."  After the officer exited and then returned to the highway, he "paced the vehicle to the

Chesapeake border . . ., approximately 3/4 of a mile."  Upon reaching a "sustained speed of 96

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

miles per hour," the officer activated his "emergency equipment." The officer testified: "When I turned on my lights, I had just crossed into Chesapeake."

As the officer pursued appellant in Chesapeake, appellant slowed down to 60 miles per hour to negotiate a ramp off the interstate. He then accelerated at a straightaway. The officer turned on his spotlight "thinking the vehicle or the driver still didn't know I was behind him, didn't get his attention." The officer had some doubt whether appellant knew he was being followed by the police. Officer Sumner characterized appellant's driving as "without concern or consideration of any other drivers, placing himself in jeopardy by the speeds that he was driving and other vehicles that were on the road as well as myself." Appellant made an "abrupt" lane change to avoid a police roadblock "well over a mile into Chesapeake." Ultimately, appellant was stopped by state troopers and taken into custody.

At the conclusion of the Commonwealth's case-in-chief, appellant moved to strike the evidence, arguing the offense took place in the City of Chesapeake, not Portsmouth.

In overruling the motion to strike, the trial court found the "attempt to elude began either in the City of Portsmouth or at least within a mile of its corporate boundary with the City of Chesapeake."

### ANALYSIS

The issue before us is whether sufficient evidence establishes venue in the City of Portsmouth.

With some exceptions not applicable here, the prosecution of a criminal case shall be had in the county or city in which the offense was committed. Code § 19.2-244. A finding of venue is a factual determination made by the trial court. Our inquiry is "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).

The Commonwealth may prove venue by either direct or circumstantial evidence.  Id.  In either case, the evidence must be sufficient to present a "'strong presumption' that the offense was committed within the jurisdiction of the court."  Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

In order for venue to be in a particular city or county, all of the elements of an offense must have been committed in that particular city or county.  See Green v. Commonwealth, 32 Va. App. 438, 449, 528 S.E.2d 187, 192 (2000) ("[V]enue is appropriate in any jurisdiction where the required elements of the offense have been established.").  The Court in Green rejected the Commonwealth's argument that venue lay where any part of the offense was committed.  The Court found that the completed offense must have occurred in a particular city or county for venue to be proper.  We have also held that venue can lie in several jurisdictions as long as the completed offense occurred in each.  See Thomas v. Commonwealth, 38 Va. App. 319, 324, 563 S.E.2d 406, 409 (2002) ("Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each.").

Code § 46.2-817(B) provides:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.  It shall be an affirmative defense to a charge of a violation of this subsection if the defendant shows he reasonably believed he was being pursued by a person other than a law-enforcement officer.

Thus, the elements of Code § 46.2-817(B) are:  (1) the accused must receive a "visible or audible signal" from any law-enforcement officer to bring his vehicle to a stop; (2) the accused drives the vehicle in "a willful and wanton disregard of such signal"; (3) the result of such disregard

- 3 -

"interferes with or endanger[s] the operation of the law-enforcement vehicle or endanger[s] a person."

Appellant cites Thomas, 38 Va. App. 319, 563 S.E.2d 406, as dispositive of this appeal. In Thomas, this Court considered a venue issue under an earlier version of Code § 46.2-817. The version of Code § 46.2-817 in effect at the time of Thomas' conviction elevated the misdemeanor offense of eluding to a felony if serious bodily injury to another occurred as a result of the defendant's conduct. In Thomas, a high-speed chase began in Arlington when the officer activated his emergency equipment. This Court reversed the defendant's felony conviction under Code § 46.2-817 in Arlington because, although the high-speed chase began in Arlington, the chase ended with a serious collision in Fairfax County. Thus, the conduct that elevated the charge to a felony occurred solely in Fairfax County. 38 Va. App. at 325, 563 S.E.2d at 409. This Court recognized, however, that misdemeanor speeding to elude was a continuing offense that could be prosecuted in either Arlington or Fairfax County.

The Commonwealth distinguishes Thomas because of the amendment to Code § 46.2-817(B). The Commonwealth argues at the time of the Thomas offense, actual injury was an element of the offense, but after the amendment, it is no longer an element. The Commonwealth contends that under the amendment, the situs of the injury is not a limiting factor in determining where the offense occurred. This distinction without a difference, however, does not address the thrust of Thomas' holding. The salient rationale in Thomas is that all of the elements of the offense must occur in the jurisdiction for venue to lie. The fact that the elements of Code § 46.2-817(B) have changed does not weaken or dissipate the Thomas analysis.

We must determine if there is a "strong presumption" that all of the elements of the offense occurred within the jurisdiction of Portsmouth. More specifically, did appellant receive "a visible or audible signal" within the jurisdiction of Portsmouth? Did appellant willfully and

wantonly disregard such a signal within the jurisdiction of Portsmouth? Did appellant endanger the officer or a person within the jurisdiction of Portsmouth?

The Commonwealth does not argue that Officer Sumner activated his emergency equipment within the Portsmouth city limits, but maintains that Code § 19.2-250[1] extends the Portsmouth jurisdiction one mile beyond the corporate limits. Assuming, without deciding, the Commonwealth's interpretation of Code § 19.2-250 is correct, we find no factual evidence to support a finding that the completed offense occurred within one mile of the corporate limits of Portsmouth.

The trial court concluded "the attempt to elude began either in the City of Portsmouth or at least within a mile of its corporate boundary within the City of Chesapeake." Where the attempt to elude began is not relevant. As discussed above, venue lies where the completed offense occurred.

We conclude there was no evidence to support the finding that venue was proper in Portsmouth. Based upon the officer's uncontradicted testimony, we conclude that the accused did not receive a "visible or audible signal" from the officer within the jurisdiction of Portsmouth. Moreover, no evidence proved that when the officer activated his lights he was

---

[1] Code § 19.2-250(A) provides:

> Notwithstanding any other provision of this article and except as provided in subsection B hereof, the jurisdiction of the corporate authorities of each town or city, in criminal cases involving offenses against the Commonwealth, shall extend within the Commonwealth one mile beyond the corporate limits of such town or city; except that such jurisdiction of the corporate authorities of towns situated in counties having a density of population in excess of 300 inhabitants per square mile, or in counties adjacent to cities having a population of 170,000 or more, shall extend for 300 yards beyond the corporate limits of such town or, in the case of the criminal jurisdiction of an adjacent county, for 300 yards within such town.

within proximity to Ross. The evidence failed to prove Ross was within one mile of the city limits and drove in disregard of the signal. Indeed, the officer testified he did not believe Ross knew he was being signaled, and, therefore, he activated his spotlight. The evidence does not prove where Ross' car was when this occurred. "Proof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime." Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944); see also Pollard, 220 Va. at 726, 261 S.E.2d at 330; Davis v. Commonwealth, 14 Va. App. 709, 714, 419 S.E.2d 285, 288 (1992).

## CONCLUSION

For the foregoing reasons, we reverse and remand for retrial in a proper venue if the Commonwealth be so advised.

Reversed and remanded.