COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


ERIC SHAPELL SANDERS

MEMORANDUM OPINION[*] BY

v.        Record No. 1863-07-1              JUDGE LeROY F. MILLETTE, JR.
                                              JULY 15, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

William Roots, Jr. (Law Office of William Roots, Jr., on brief),
for appellant.

Gregory W. Franklin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Eric Shapell Sanders (Sanders), appellant, was convicted in a bench trial of eluding

police in violation of Code § 46.2-817(B), possessing cocaine with intent to distribute in

violation of Code § 18.2-248, possessing a firearm by a convicted felon in violation of Code

§ 18.2-308.2, and possessing a firearm while in possession of a controlled substance with intent

to distribute in violation of Code § 18.2-308.4(C). Sanders was sentenced to a total of 32 years

incarceration with 24 years conditionally suspended. On appeal, Sanders contends that venue for

the eluding police offense was improper and the evidence was insufficient to prove his prior

felony conviction or that he possessed cocaine. For the following reasons, we affirm the trial

court.

The parties are familiar with the record and, thus, we cite only those facts pertinent to the

disposition of the appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Venue:  Eluding Offense, Code § 46.2-817(B)</u>

On appeal, Sanders argues the City of Newport News was the incorrect venue for the eluding police offense because the evidence showed that Officer Cassidy approached Sanders' stopped car, and Sanders subsequently sped off, in the City of Hampton.  We disagree.

The venue statute states, "the prosecution of a criminal case shall be had in the county or city in which the offense was committed."  Code § 19.2-244.  A determination of venue is a finding of fact made by the trial court and may be proved by either direct or circumstantial evidence.  <u>Cheng v. Commonwealth</u>, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).  "Venue is reviewed to determine, 'whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings.'"  <u>Thomas v. Commonwealth</u>, 38 Va. App. 319, 323, 563 S.E.2d 406, 408 (2002) (quoting <u>Cheng</u>, 240 Va. at 36, 393 S.E.2d at 604).  "[T]he evidence must be sufficient to present a 'strong presumption' that the offense was committed within the jurisdiction of the court.'"  <u>Id.</u> (quoting <u>Pollard v. Commonwealth</u>, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)).  For venue to be appropriate, all of the elements of an offense must have been committed in that particular city or county.  <u>Green v. Commonwealth</u>, 32 Va. App. 438, 449, 528 S.E.2d 187, 192 (2000).

Code § 46.2-817(B) provides, in pertinent part:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

There is sufficient evidence in the record to conclude that venue in the City of Newport News was proper.  All of the elements required by Code § 46.2-817(B) took place in the City of Newport News.  Officer Cassidy had her lights and sirens continuously activated as she chased Sanders from the City of Newport News through the City of Hampton and back into the City of

Newport News and Sanders' out-of-control driving, which put himself and all those around him in danger, resulted in his car crash in the City of Newport News. See Thomas, 38 Va. App. at 325, 563 S.E.2d at 409 (finding venue in Arlington County for the felony offense of eluding invalid because a required element of the offense occurred in Fairfax County). Indeed, Sanders conceded on brief that "[Officer Cassidy's] brief chase of [Sanders] ended in Newport News." Therefore, pursuant to Code § 46.2-817(B), it is clear that the City of Newport News was the appropriate venue.

Proof of a Prior Felony Conviction

On appeal from the possession of a firearm by a convicted felon charge, Sanders maintains the evidence used to establish his prior felony conviction was inadmissible hearsay and insufficient to prove his delinquent adjudication at the age of 14.[1]

During trial, the Commonwealth introduced records from the City of Hampton Juvenile and Domestic Relations District Court, including two pages of notes handwritten by the presiding judge. The heading on the judge's notes states, "OFFICE CONTACTS AND COURT PROCEEDINGS." In the top corner of the judge's notes, the following information is printed: "J017767," "Sanders, Eric S," "8-6-83 (age 14)," and "03-00 GRAND LARCENY 7-4-98

---

[1] Code § 18.2-308.2(A)(iii) states, in pertinent part:

> It shall be unlawful for . . . any person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult . . . to knowingly and intentionally possess or transport any firearm or stun weapon as defined by § 18.2-308.1 or any explosive material, or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308 . . . .

18.2-95(II)." [2]  The body of the notes contains the following information:  on August 12, 1998,

Sanders entered a plea of guilty, the judge found Sanders guilty, the matter was referred for a

probation report; on September 23, 1998, Sanders was present in court and the court committed

him to the Department of Juvenile Justice, and this sentence was suspended until his 18th

birthday upon good behavior and compliance with probation conditions.

Sanders argues that the information contained in the judge's handwritten notes is

unreliable hearsay.  However, Sanders waived this argument when he conceded at trial that the

records at issue were properly authenticated and admissible.[3]

Sanders also contends that the judge's handwritten notes are inadmissible because they

fail to comply with the requirements of Code § 19.2-307, which states, in pertinent part:

> The judgment order shall set forth the plea, the verdict or findings
> and the adjudication and sentence, whether or not the case was
> tried by jury, and if not, whether the consent of the accused was
> concurred in by the court and the attorney for the Commonwealth.
> . . .  The final judgment order shall be entered on a form
> promulgated by the Supreme Court.

The judge's notes clearly comply with the substance of Code § 19.2-307 as they list

Sanders' guilty plea, the judge's finding of guilt, the sentence, and conditional suspension of the

---

[2] Code § 18.2-95 governs the felony crime of grand larceny and states:

> Any person who . . . (ii) commits simple larceny not from the
> person of another of goods and chattels of the value of $200 or
> more, . . . shall be guilty of grand larceny, punishable by
> imprisonment in a state correctional facility for not less than one
> nor more than twenty years or, in the discretion of the jury or court
> trying the case without a jury, be confined in jail for a period not
> exceeding twelve months or fined not more than $2,500, either or
> both.

[3] Code § 8.01-389(A) is a statutory hearsay exception and states that "[t]he records of any
judicial proceeding and any other official records of any court of this Commonwealth shall be
received as prima facie evidence provided that such records are authenticated . . . ."  Code
§ 8.01-389(D) defines "records" as "any memorandum, report, paper, data compilation, or other
record in any form . . . ."

- 4 -

sentence.  It was immaterial that the judge did not list whether the case was tried by a judge or jury, as all cases of this type in juvenile and domestic relations district court are tried by a judge.

Sanders' argument that the judge's notes are inadmissible because they are not "on a form promulgated by the Supreme Court" is without merit.  The Appendix of Forms promulgated by the Supreme Court is found in the Rules of the Supreme Court Part 3A.  Pursuant to Rule 3A:1, which defines the scope of Part 3A, "[t]hese Rules govern criminal proceedings in circuit courts and juvenile and domestic relations district courts (*except proceedings concerning a child in a juvenile and domestic relations district court*) . . . ." (Emphasis added).  Thus, the City of Hampton Juvenile and Domestic Relations District Court judge's handwritten notes were properly admitted and sufficiently prove Sanders' prior adjudicated delinquency at the age of 14.

Sufficiency of Evidence Supporting Possession of Cocaine

Sanders challenges the sufficiency of the circumstantial evidence presented during trial to convict him of possession of cocaine.  Thus, Sanders claims he was erroneously found guilty of possession of cocaine with intent to distribute and possession of a firearm while in possession of a controlled substance with intent to distribute.  The Commonwealth counters that due to the totality of the circumstances, there was sufficient evidence to lead a reasonable trier of fact to find Sanders possessed cocaine beyond a reasonable doubt.

On appeal, when the sufficiency of evidence is challenged, we must view the evidence in the light most favorable to the prevailing party below, in this case, the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  "It is fundamental that 'the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'"  Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v.

Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)). "The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680; Jackson v. Commonwealth, 267 Va. 178, 204, 509 S.E.2d 520, 535 (2004)).

> To support a conviction based upon constructive possession [of drugs], "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "When, as here, proof of constructive possession rests upon circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Maxwell v. Commonwealth, 275 Va. 437, 442-43, 657 S.E.2d 499, 502 (2008) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). However, "[t]he statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Hudson, 265 Va. at 513, 578 S.E.2d at 785.

Here, the evidence showed that Sanders initially admitted owning a handgun found a few feet from where he was arrested. At most ten feet from the handgun, under a bush, police found a baggie of cocaine worth over $4,000. "'Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband.'" Kelly v. Commonwealth, 41 Va. App. 250, 261, 584 S.E.2d 444, 449 (2003) (en banc) (quoting Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997)); see Maxwell, 275 Va. at 444, 657 S.E.2d at 503 ("proximity [to drugs]

- 6 -

is a factor to be considered along with other evidence . . .").  Along with Sanders' proximity to the cocaine, the trial court could also consider the improbability that $4,000 worth of cocaine was abandoned under a bush in the middle of a shopping center.  "[Drugs] of significant value [are] not something that one is likely to have abandoned or carelessly left . . . ."  Collins, 13 Va. App. at 180, 409 S.E.2d at 176; see Powell v. Commonwealth, 27 Va. App. 173, 178, 497 S.E.2d 899, 901 (1998).  The eyewitness account that Sanders dropped a dark, soft item during his flight is consistent with a bag of cocaine being discarded.  Additionally, Sanders initially admitted owning the digital scale that was found in his car and covered with cocaine residue.

Sanders' incriminating statements that he "usually operate[d] in Hampton," knew "dealers," could make "large deals [if] provided the funding," and voluntary "admi[ssion] to the presence of cocaine in the bushes [but] only if [Officer Cassidy] were to release him at the scene that night and that the charge would be reduced," could have led a reasonable fact finder to conclude Sanders possessed the cocaine.  Due to the totality of the circumstances, including proximity, the significant value of the drugs, the eyewitness report, Sanders' admitted ownership of the digital scale, and other incriminating statements, the evidence supported Sanders' guilt beyond a reasonable doubt for possession of cocaine with intent to distribute and the associated firearm charge.  Thus, we affirm the trial court.

Affirmed.